[Crim. No. 3164. Second Appellate District, Division One.—March 30, 1939.]

## THE PEOPLE, Respondent, v. ALFRED FISK et al., Defendants; JACK L. LEWIS, Appellant.

Emanuel & Klein for Appellant.

Earl Warren, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

DORAN, J. — This is an appeal from a judgment of "Guilty" and from an order denying defendant's motion for a new trial.

Briefly, the facts are as follows: Appellant, together with three codefendants, was accused in an information filed by the district attorney of keeping a room with books and

papers for the purpose of recording and registering bets upon the result of horse races, in violation of section 337a of the Penal Code.

At the trial in the superior court a jury was duly waived by the four defendants, including appellant, whereupon it was stipulated that the issue should be submitted upon the transcript of the evidence adduced at the preliminary examination.

The transcript of the evidence heard by the committing magistrate reveals that only two witnesses testified at the hearing, namely, police officer Flannery and police officer Kolhoff.

Officer Flannery testified, in substance, that he found Fisk, appellant's codefendant, back of a counter at the end of a room about 30 feet long by 15 feet wide, within which room a number of people were congregated; that he saw some of the occupants in the room handing Fisk money; that he heard one of these occupants say to Fisk: "I want to bet one dollar to win on 'High Most' in the fourth race at Hollywood"; that appellant Lewis was sitting behind the counter at the other end thereof making notes on a piece of paper resembling what was introduced in evidence and marked as Exhibit "B".

Officer Kolhoff testified, in substance, that when he entered the room he saw Lewis behind the counter telephoning; that he arrested Lewis and Fisk, whereupon Lewis grabbed the money box or drawer, which contained $35.05; that he saw Lewis, who was in his shirt-sleeves, remove his coat from a coat-hanger.

Certain documents were also received in evidence at the preliminary hearing, none of which were explained or described in the record of the preliminary, or at the trial.

After the trial judge had read the transcript of the evidence given at the preliminary hearing above described, a motion to dismiss by defendants' counsel was granted as to two of appellant's codefendants who were thereupon adjudged "Not Guilty". The defendant Fisk and the appellant Lewis then testified. Defendant Fisk testified that he, Fisk, was in charge of the "place"; that appellant Lewis was not employed there and had nothing to do with the operation of the establishment; that appellant Lewis had merely stepped back of the counter at the end to use the telephone when the officers

appeared. He further testified that the money drawer was kept under the counter in front of him, and was not visible.

Appellant Lewis testified, in substance, that he was merely a visitor in the place and had stepped back of the counter to use the telephone; that he had taken his coat off and had held it across his arm because it was warm. He denied that he had seized the cash drawer, or that he had ever seen it.

At the close of the evidence the following occurred:

"The Court: Now, so far as Lewis is concerned, Mr. Emanuel, all this does is to put in sharp issue the testimony of the officers and the testimony of the defendant Lewis, supplemented by Fisk. One or the other is not telling the truth, because the officers testified that not only was Lewis standing behind the counter and made a grab for the money box, but that he took a coat from a hanger from the back room. They asked the defendant Lewis how it happened that he had a coat hanging in the back room and he stated he did not know. He took a package of tickets out of the money box. They asked him how it happened he is authorized to go to that box. He said he did not know, he said he did not work there, said he was not running a book.

"Mr. Emanuel (Counsel for Defendants): If your Honor please, I will admit that there is a conflict in the testimony, but the evidence in my opinion is very weak to arrest a man merely because he happens to be in a place and to charge him with running it and maintaining it; it seems to me you should connect the party up closer than that. If somebody were taking bets at that desk and they came in and arrested me for standing there it does not seem fair or just that they could sustain a conviction.

"The Court: Manifestly they did not do that. These defendants stated there were a great many people in there and even with two of the men they did bring in they did not pad their case any, they did not show enough evidence which could justify holding them, while probably they did have something to do with the case, but I think the evidence is insufficient.

"Mr. Emanuel: There was no evidence against these two men even to bind them over, they were arrested outside of the place. Now, as far as the defendant Lewis is concerned, the only basis is that he was using the phone and they claim his coat was behind the counter. Now, is that sufficient?

"The Court: That is not all there is, Mr. Emanuel. There is the failure to explain, had he been innocent, why his coat was hanging there, and the access to the money box. Now, if we believe those things there is much more than you say.

"Mr. Emanuel: If we take everything the prosecution says and believe it 100 per cent, all that we have is a man standing behind the counter using the telephone, and his reaching for the money box. Now, if we believe everything in its entirety it is not enough to sustain a conviction.

"The Court: What is the reaction of the parties in a place like that? They generally scramble for the door. They do not help the right defendant out by getting his money box.

"Mr. Emanuel: I do not think they let them scramble for the door, they generally have somebody at the door.

"The Court: I have read in the newspapers they climb out of windows and any way to get out.

"Mr. Emanuel: Well, I think that there has been no proof beyond reasonable doubt in this case and that the defendant is entitled to the benefit of the doubt.

"The Court: Mr. Emanuel, I have a very great respect for your judgment, but I cannot always agree with you, unfortately for you.

"Mr. Emanuel: Certainly on this case, because I dislike to see a conviction on evidence so slight as this, it appears to me that you could sustain a conviction with almost anything, there is no connection between the defendant and this case.

"The Court: Maybe I had better read the evidence over as to these other men.

"Mr. Emanuel: I wish you would, they picked the defendants at random out there, they picked a man that was out in the street, they picked up the janitor because he had a key that fitted the front door. He explained to them that he came there in the morning and cleaned the place, and it is the same with this defendant, he happened to be using the telephone there, so he is guilty of owning the place. If he had been fortunate enough to have been reading a form sheet he would have been an ordinary bettor, but the fact that he was using the telephone was sufficient to connect him with the place.

"The Court: It is the judgment of this court that the defendants Fisk and Lewis are and each of them is guilty of the offense charged, to wit, the crime of violation of subdivision 2, section 337a, Penal Code, a felony."

As can be seen from the foregoing, the trial was rather a listless affair and although technically complete, nevertheless, from the viewpoint of one disposed to be more thorough, left much to be desired. There is a great difference between the legal requirements with regard to what evidence is necessary to justify the order of a magistrate in holding a defendant to answer in the superior court, and that which is necessary to support a judgment of ''Guilty''. The doctrine of reasonable doubt applies to the latter, whereas but slight evidence is sufficient to justify the former. To be accused of, and placed on trial for, a felony manifestly cannot be regarded as a trivial matter, and the perfunctory disposition of such an action can scarcely be said to be in accord with that form usually followed and recognized in connection with the administration of justice. Nor can the conviction of a felony be judicially regarded as a mere experience of no consequence in the ordinary course of events.

Section 1044 of the Penal Code provides as follows: ''It shall be the duty of the judge to control all proceedings during the trial, and to limit the introduction of evidence and the argument of counsel to relevant and material matters, with a view to the expeditious and effective ascertainment of the truth regarding the matters involved.''

In that connection section 1100 of the Penal Code provides: ''When two or more persons are included in the same indictment or information, and the court is of opinion that in regard to a particular defendant there is not sufficient evidence to put him on his defense, it must order him to be discharged before the evidence is closed, that he may be a witness for his codefendant.''

Section 1099 of the Penal Code is as follows: ''When two or more persons are included in the same charge, the court may, at any time before the defendants have gone into their defense, on the application of the district attorney, direct any defendant to be discharged, that he may be a witness for the people.''

Although Officer Flannery testified at the preliminary examination that at the time of appellant's arrest there were ''thirty or sixty'' persons present in the room, none appeared as witnesses at the trial. Nor were the above-mentioned provisions of the Penal Code resorted to ''with a view'', at least to some extent, ''to the expeditious and effective ascertainment of the truth''. In that regard, it should be noted

that a defendant in a criminal action is not required to prove his innocence.

The evidence is not sufficient to sustain the judgment; therefore the judgment and the order denying the motion for a new trial are reversed, and the cause is remanded for a new trial.

York, P. J., and White, J., concurred.