[Crim. No. 3383. Second Appellate District, Division One.—October 15, 1940.]

THE PEOPLE, Respondent, v. CECIL L. MIX, Appellant.

Chotiner & Chotiner for Appellant.

Earl Warren, Attorney-General, and Gilbert F. Nelson, Deputy Attorney-General, for Respondent.

WHITE, J.—Defendant was convicted of the crime of recording and registering bets, as that offense is set forth in subdivision 4 of section 337a of the Penal Code. He appeals from the judgment, the sentence, and from the order denying his motion for a new trial.

On April 20, 1940, police officers observed the appellant in a parking lot on Santa Monica Boulevard, standing near an automobile in which four men were seated. The appellant had a small cardboard notebook in his hand and the men inside the automobile were looking at some papers that were of the size and general appearance of scratch sheets. The automobile in question was registered to appellant. On two occasions appellant was observed in the act of receiving money from the men in the car and making notations in the small notebook he had in his hands. Upon the approach of an officer appellant threw the notebook under the automobile and the officer immediately picked it up. Following a stipulation entered into at the trial that one of the police officers who appeared as a witness was qualified to testify as an expert in bookmaking matters, the officer testified that the notebook contained betting markers recording the number of the horse, the bettor's name or initial, and three columns for win, place or show notations. The officer further testified that he compared the numbers on the notebook with the National Scratch Sheet he had purchased for that day, April 20, and found the notations on the betting markers to be numbers of horses running on various tracks for the same day. The officer further testified that he compared a National Scratch Sheet for April 19, which he found in appellant's car, with the notebook of appellant, and found the numbers in the notebook for Friday, April 19, corresponded with the numbers on the National Scratch Sheet of that date. There were two Metropolitan Scratch Sheets dated April 20 found in appellant's car, which were identified by the police officer as the sheets the occupants of the

car were holding prior to the interference of the officer. A book marked "Time Book" was also found in appellant's car, which book the arresting officer testified was in his opinion a record of the business done by a bookmaker. At the time of the arrest one of the other occupants of the automobile gave the name of "Jim." On the betting marker, opposite the number 706, was the notation, "Jim, one to win". In the presence of appellant "Jim" stated to the officer that that was his bet. This proved to be a horse running in the fifth race at Havre de Grace on the day. Another notation appeared in appellant's "book" indicating a further bet by "Jim" on a horse running that day at Narragansett named "Liberty Flight". In the presence of the defendant the person giving his name as Jim admitted this also was his bet.

Appellant admitted having received these bets and on questioning by one of the arresting officers admitted he owned all the betting paraphernalia and writings. He confessed ownership of some small envelopes among such paraphernalia, bearing his name, "Cecil", stating that the same were used by men who left bets in them and left them with some third party for appellant. There were some further admissions by appellant that such notations were a record of appellant's bets made on the day of and previous to his arrest. It was further stated by appellant that he had been in the bookmaking business for a long time.

The sole point urged by appellant on appeal is that the foregoing testimony does not constitute a sufficient proof of the *corpus delicti*, by reason of which the statements and admissions of appellant were inadmissible, and hence the judgment is not supported by sufficient competent evidence. In support of his contention appellant relies entirely upon the case of *People* v. *Newman*, 37 Cal. App. (2d) 627 [99 Pac. (2d) 1067] ; but this case is easily distinguishable from the one before us. For instance, in the Newman case there was an utter failure to identify through competent evidence the slips of paper containing betting notations as being the property of or in the possession of the defendant, while in the case at bar the incriminating notations were positively identified as being in the possession of defendant, who threw them away upon the approach of the police officer. Further, in the matter now under investigation we find evidence of much betting paraphernalia in the automobile, the latter of which

was registered in defendant's name, and which material included a "time book", characterized, as heretofore indicated, as being a record of the business done by a bookmaker. In addition to the foregoing, we have the defendant remaining mute in the face of accusatory statements made in the presence of the officer by one of appellant's associates, who stated that certain entries in the betting marker represented bets made by him that day with appellant.

By reason of the foregoing we are satisfied that the evidence is sufficient to sustain the conviction and that appellant's claim that the *corpus delicti* was not established, resulting in error on the part of the trial court in admitting evidence with regard to statements and admissions by defendant, is without merit.     It is not necessary or required that proof beyond a reasonable doubt must be offered to establish the *corpus delicti*. All that is necessary is a *prima facie* showing. (*People* v. *Taylor,* 40 Cal. App. (2d) 324 [104 Pac. (2d) 846], and cases therein cited.) That such a showing was here made cannot be questioned. In fact all the documentary matter discovered in appellant's automobile and possession seems to have been only such as ordinarily goes to make up the working material of a bookmaker receiving and recording bets, all of which, taken in conjunction with appellant's conduct, is sufficient to establish *prima facie* proof of the *corpus delicti*. Therefore the statements made by defendant to the police officer were admissible in evidence. Without here recounting such statements, the verity of which were undenied at the trial by appellant himself or any other witness, suffice it to say that taken in conjunction with the facts and circumstances herein set forth, the entire evidence amounted to a complete demonstration of guilt.

The appeal from the sentence is dismissed. The judgment and the order appealed from are, and each is, affirmed.

York, P. J., and Doran, J., concurred.