[Crim. No. 3461.   Second Dist., Div. Two.—June 6, 1941.]

THE PEOPLE, Respondent, v. JAMES JOFFE et al., Appellants.

Earl Warren, Attorney-General, and Lewis Drucker, Deputy Attorney-General, for Respondent.

Leland E. Zeman for Appellants.

WOOD, J.—Defendants were accused by information of the violation of section 337a, subdivision 2, of the Penal Code, in that they kept and occupied a "flat building" with paraphernalia for the purpose of recording wagers on horse races. They were convicted by the court sitting without a jury and have appealed from the judgment of conviction.

The main contention of defendants is that the evidence is insufficient to justify the conviction. Two police officers went on January 4, 1941, to the upper apartment of a four-family flat building at 2721½ Van Buren Place, in the city of Los Angeles. One of the officers looked through the keyhole of the door of the apartment and saw defendant Shaheen sitting at a flat top desk and talking on the telephone. They heard him say: "439, one to win and one to place; 447, one to win and one to place". The officers knocked on the door and defendant Joffe unlocked the door and admitted them. They found a telephone and a chair on each side of the desk. On the desk they found a "scratch sheet" of the date of the day of the arrest containing a list of horses racing at the various racetracks throughout the United States and showing the approximate post time, the names of the horses and various data used by those making wagers on horse races. Other scratch sheets bearing earlier dates were found in the apartment. On the desk they also found a number of "betting markers", which were shown to be customarily used in recording wagers on horse races. A key found on the person of defendant Joffe fitted the lock on the door of the apartment. The officers answered several telephone calls from individuals whose conversations indicated that they desired to place bets on horse races. One man calling up gave the name of Casey and asked, "Jimmie?" One of the officers answered, "Yes", and the party calling then said: "151, one to win and one to show; 181, one to win

and one to place; 457, one to win''. The numbers 181 and 457 corresponded to the numbers of certain horses listed on the scratch sheet found upon the desk. Defendants were not sworn as witnesses and they presented no evidence in their behalf.

It was the function of the trial judge as a trier of fact to determine what facts were established by the evidence. Before a reviewing court can interfere with the judgment of a trial court it must clearly appear that upon no hypothesis whatever was there sufficient substantial evidence to support the conclusion reached. (*People* v. *Newland*, 15 Cal. (2d) 678, 681 [104 Pac. (2d) 778].) In the case under review the evidence is ample to sustain the conviction.

■ Defendants contend that the evidence of the telephone conversations between the officers and persons calling up the establishment should not have been received. The court did not err in admitting the evidence, as it tended to establish the fact that the premises were occupied for the purpose of recording wagers on horse races.

The appeal is devoid of merit. The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.