[Crim. No. 3834.   Second Dist., Div. Three.   Dec. 29, 1944.]

THE PEOPLE, Respondent, v. MICHAEL ABRAHAM, Appellant.

Pearlson & Singer for Appellant.

Robert W. Kenny, Attorney General, and Carl S. Kegley, Deputy Attorney General, for Respondent.

WOOD (Parker), J.—Defendant appeals from a judgment of conviction of the crime of violation of section 337a, subdivision 2, of the Penal Code. According to the provisions of that section and subdivision, it is a crime for any person to keep or occupy any building with books, papers or paraphernalia for the purpose of recording bets upon the results of horse races. Trial by jury was waived, and by stipulation the cause was submitted to the trial judge upon the reporter's transcript of the preliminary examination. Defendant contends that the evidence was insufficient to support the judgment.

A police officer testified that on January 11, 1944, he and another police officer observed defendant for approximately ten minutes before they arrested him; that during that time defendant and three other men were in a service station building; that during a part of that time the officers were standing by the sidewalk about 30 feet from the building, and during a part of that time they were 3 or 4 feet from the building; that the building was about 16 feet square, and the walls thereof, except the lower 3 feet, consisted principally of glass; that the men who were in the station with defendant would look, at various times, at a scratch sheet and racing forms, and then have a conversation with defendant who was sitting at a desk; that on one occasion one of the men, after looking at a scratch sheet, handed some currency to defendant, and thereupon the defendant made a notation on a piece of white paper; that defendant answered the telephone and while he had the telephone receiver to his

ear he made notations on a pad of paper; that the officers entered their automobile which was parked at the curb and drove to the station door, left the automobile and went immediately into the station building; that when they entered the building the defendant had a pad of paper in his hand, and they took the pad of paper from him. That pad of paper, and some loose sheets of paper with writing thereon, were received in evidence as Exhibit A. He testified further that they took two Metropolitan Scratch Sheets, two National Scratch Sheets, and two racing forms, which were on the desk and which were dated January 11, 1944. Those papers were received in evidence as Exhibit B. He testified further that they arrested defendant, searched him and he had $365 in his pocket; that he (witness) had made a study of bookmaking as it is conducted in Los Angeles County, had investigated at least 400 bookmaking cases, and had testified in court in bookmaking cases at least 300 times; that he compared the names which were on Exhibit A with the names on Exhibit B and found that the names appearing on Exhibit A also appeared on Exhibit B as the names of horses running in the races on January 11, 1944; that the writing and figures on the exhibits related to horse races; that he (witness) answered the telephone in that building and a man asked for the result of a certain race; that he answered the telephone again and a lady said, "Hello, Mike," and he said, "Mike has gone across the street to get some cigarets," and she said, "This is Mrs. Cameron. I want $1.00 across on 'Which Ace' "; that he checked Exhibit A to see if the name, "Mrs. Cameron," was on one of the sheets of paper therein as a bettor, and he found that it was; that he had known the defendant for some time before he went into the building, and when he went in he said, "Hello Mike," and defendant said, "Hello, Ginder [the name of the witness]"; that he (witness) said, "How long have you been here?" and defendant said, "A little over a year"; that the witness said, "How about the other fellows?" and defendant said, "They have nothing to do with this. They have nothing to do with the bookmaking or the business, it is my place."

The defendant did not testify and did not offer any evidence.

A violation of section 337a, subdivision 2, is complete when it is shown that the accused occupied a place with papers

and paraphernalia for the purpose of recording bets on horse races. "[T]he purpose for which the place or room was being used and occupied need not be established by direct evidence, but may be gathered from all the surrounding circumstances shown by the evidence." (*People* v. *Barnhart*, (1944), 66 Cal.App.2d 714, 721 [153 P.2d 214].) "If the circumstances shown in evidence reasonably justify the finding of guilt by the trial court, a reviewing court is not warranted in disturbing the finding." (*Ibid.*)

The evidence was legally sufficient to support the judgment.

The judgment is affirmed.

Desmond, P. J., and Fox, J. pro tem., concurred.