[Crim. No. 3873. Second Dist., Div. Two. Mar. 29, 1945.]

THE PEOPLE, Respondent, v. HERBERT O. RADLEY, Appellant.

Max M. Solomon for Appellant.

Robert W. Kenny, Attorney General, and Carl S. Kegley, Deputy Attorney General, for Respondent.

WOOD (W. J.), J.—Defendant was charged by information with the violation of section 337a, subdivision 2, of the Penal Code, in that he occupied a room with paraphernalia for the purpose of recording bets upon the result of horse races. He was found guilty by the court sitting without a jury and has appealed from the judgment of conviction.

Defendant now contends that the evidence is insufficient to justify the conviction. Police Officer Anderson testified that on June 2, 1944, at about 4:50 o'clock in the afternoon he went to 806 East 24th Street in the city of Los Angeles, entered a one-story frame residence and found the defendant seated on a couch in the living room. Defendant's sister-in-law also was present. The officer found on the coffee table in front of defendant A.B.C. sheets and the "Daily Reporter." The officer qualified as an expert in bookmaking matters and testified that the papers found on the coffee table were of the kind generally used by persons who engage in bookmaking with the use of a telephone. He explained the manner in which the notations on the papers were commonly used. While the officer was in the room two parties called on the telephone in reference to placing bets on horse races, one

of them stating that he wished to place "four dollars to win on Flame Away." In a conversation with the officer defendant at first stated that he was booking for himself but later stated that he was booking for a woman and that he received 25 per cent of the profits made on the taking of the bets. Defendant also stated that the pencil notations on the scratch sheets were in his own handwriting. Defendant did not testify as a witness and did not offer any testimony in his behalf.

 It is not necessary for the prosecution to prove by direct evidence that defendant occupied the room for the purpose of recording bets on horse races. The purposes for which the room was used may be shown by the surrounding circumstances and if the trial court could reasonably conclude from the circumstances established that defendant was guilty the finding is sufficiently supported and may not be disturbed on appeal. These rules are so well established that citation of authority would be superfluous. The circumstances outlined above are sufficient to give support to the finding of the trial court.

 Defendant also contends that the court erred in receiving evidence of the conversations on the telephone between the arresting officer and those who called the house in question with reference to their bets. It is the established rule that the court may properly receive evidence of such conversations, not for the purpose of establishing the truth of what was said over the telephone, but for the purpose of establishing that the room was being occupied for placing bets on horse races. (*People* v. *Joffee,* 45 Cal.App.2d 233, 235 [113 P.2d 901]; *People* v. *Reifenstuhl,* 37 Cal.App.2d 402, 405 [99 P.2d 564].) In 6 Wigmore on Evidence (3d ed.) § 1766, p. 178, the author explains why the admission of such evidence does not do violence to the hearsay evidence rule: "The prohibition of the Hearsay rule, then, does not apply to all words or utterances merely as such. If this fundamental principle is clearly realized, its application is a comparatively simple matter. The Hearsay rule excludes extrajudicial utterances only when offered for a special purpose, namely, as assertions to evidence the truth of the matter asserted."

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.