[Crim. No. 2362.  First Dist., Div. Two.  Nov. 9, 1945.]

THE PEOPLE, Respondent, v. MILTON KLEIN et al., Appellants.

James G. Flaherty for Appellants.

Robert W. Kenny, Attorney General, David K. Lener and Miriam E. Wolff, Deputies Attorney General, Edmund G. Brown, District Attorney, and Alvin Weinberger, Assistant District Attorney, for Respondent.

NOURSE, P. J.—The defendants were tried to the court, sitting without a jury, upon an information charging the violation of section 337a of the Penal Code. The second and third counts of the information charging the recording and making of bets were dismissed. Both defendants were convicted on the first count charging a violation of subdivision 2 of the section and have separately appealed on the same transcript and briefs.

The cause was tried by stipulation upon a certified copy of the transcript of the proceedings before the committing magistrate. Two police officers testified to the facts of their investigation and arrest of the defendants. No other testimony was taken. Neither defendant took the stand as a witness.

The evidence showed the customary set up of a cigar

store in front and a room in the rear with counter and chairs to accommodate the customers. At the time of the arrest the police officers seized the regular betting paraphernalia consisting of cards, markers, run-down sheets, scratch sheets, and a rapid calculator which were found on the premises. As experts having had long experience in making arrests under this particular statute the police officers identified the exhibits taken from defendants' premises as the ''books, paper or papers, apparatus, device or paraphernalia'' used for recording or registering bets within the meaning of the code section.

The evidence was sufficient in all respect to support the verdicts. (*People* v. *Hinkle,* 64 Cal.App. 375 [221 P. 693]; *People* v. *Manning,* 37 Cal.App.2d 41 [98 P.2d 748]; *People* v. *Steinfeld,* 38 Cal.App.2d 280 [101 P.2d 89]; *People* v. *Roche,* 68 Cal.App.2d 665 [157 P.2d 440]; *People* v. *Partee,* 70 Cal.App.2d 736 [161 P.2d 586] and *People* v. *Brown, ante,* p. 166 [162 P.2d 300].)

▇ The appellants argue that the informations were defective because they did not contain full copies of the ''books and papers'' seized. They cite some ancient authorities holding that when a written document is relied on by the prosecution it must be pleaded either verbatim or in substance. The appellants have overlooked the amendment to section 952 of the Penal Code, enacted in 1927, and permitting the pleading of a criminal offense in the language of the statute. Here the offense charged was the keeping of a room with the books, papers, and paraphernalia ''for the purpose of recording . . . bets.'' The gist of the offense is the occupation of the room. The information is in the words of the statute, and is sufficient under section 952. *People* v. *Pierce,* 14 Cal.2d 639 [96 P.2d 784].

▇ Appellants argued that the ''corpus delicti'' was not proved, and rely upon *People* v. *Fisk,* 32 Cal.App.2d 26 [89 P.2d 142] and *People* v. *Newman,* 37 Cal.App.2d 627 [99 P.2d 1067]. The reviewing courts have consistently refused to follow the narrow rule of both of those cases. (See *People* v. *Newland* 15 Cal.2d 678, 685 [104 P.2d 778]; *People* v. *Smith,* 35 Cal.App.2d 73, 76 [94 P.2d 633]; *People* v. *Mooney,* 57 Cal.App.2d 1, 4 [133 P.2d 853]; *People* v. *Mix,* 41 Cal. App.2d 177 [106 P.2d 21]; *People* v. *Hart,* 46 Cal.App.2d 230, 233 [115 P.2d 546].) It should be noted that the Fisk case was a prosection under subdivision 2 of section 337a

whereas the Newman case was one under subdivision 4, which relates to one who "records, or registers any bet" upon horse races. The judgment in the Fisk case was reversed entirely upon the ground of lack of sufficient evidence. The Newman case advanced the rule on "corpus delicti," upon which appellants herein rely, that the evidence that defendants were seen circulating among a group of men, making entries in note books and on slips of paper, and receiving money from the group on bets "to win" was insufficient to prove the "corpus delicti" because there was no "direct" evidence to show that the defendants were recording bets on horse races. In *People* v. *Newland,* 15 Cal.2d 678, 683 [104 P.2d 778], the Supreme Court followed the settled rule that the "corpus delicti" may be proved by circumstantial evidence. To the same effect see *People* v. *Kaye,* 43 Cal.App.2d 802, 810 [111 P.2d 679], and *People* v. *Abraham,* 67 Cal.App.2d 425, 428 [154 P.2d 450].

Appellants assign error in the admission in evidence of the testimony of the two police officers concerning the customary paraphernalia used by those engaged in bookmaking, and identifying the books, papers, records and paraphernalia taken from their possession at the time of their arrest. They cite *People* v. *Zammora,* 66 Cal.App.2d 166 [152 P.2d 180] and *People* v. *Davis,* 47 Cal.App.2d 331 [117 P.2d 917]. There is nothing in the Zammora case applicable to the question here presented. The rule of the Davis case was rejected by the Supreme Court in *People* v. *Newman,* 24 Cal.2d 168, 176 [148 P.2d 4, 152 A.L.R. 365], upon the point for which it is cited here. *People* v. *Hinkle,* 64 Cal.App. 375, 378 [221 P. 693]; *People* v. *Hatfield,* 77 Cal.App. 212, 218 [246 P. 95] and *People* v. *Derrick,* 85 Cal.App. 406, 408 [259 P. 481], were all cited in the Newman case as supporting the contrary holding that the arresting officers were qualified by experience to testify as to the significance of the markings and entries in the books and papers taken from the possession of the accused, as they were used by those engaged in bookmaking, and also to testify as to the customary methods and equipment of the places used for that purpose. (See, also, *People* v. *Pruitt,* 55 Cal.App.2d 272 [130 P.2d 767]; *People* v. *Bateman,* 57 Cal.App.2d 585 [135 P.2d 192].)

It is argued that the court erred in permitting a police officer to testify that while he was in the room he

answered the telephone and that the voice over the phone gave him some betting numbers. A concurring opinion in *People* v. *Barnhart*, 66 Cal.App.2d 714 [153 P.2d 214] is cited as authority. That opinion criticized and refused to follow *People* v. *Joffe*, 45 Cal.App.2d 233 [113 P.2d 901], and *People* v. *Reifenstuhl*, 37 Cal.App.2d 402 [99 P.2d 564]. But in *People* v. *Kelley*, 22 Cal.2d 169, 176 [137 P.2d 1], we find this statement relating to the admissibility of the same character of testimony: "Since the conversations received by the officers after reconnecting the telephone were properly admissible to prove the use of the occupied premises (*People* v. *Joffe*, 45 Cal.App.2d 233 [113 P.2d 901] ; *People* v. *Reifenstuhl*, 37 Cal.App.2d 402 [99 P. 564]), the messages received by the officer, excluding the terms which he explained, amply support the verdict of the jury." The same rule was followed in *People* v. *Onofrio*, 65 Cal.App.2d 584, 590 [151 P.2d 158]. Though there seems to be some disagreement as to the admissibility of such testimony in a case tried under subdivision four of the code section, it must be taken as settled law that, in a prosecution for having the paraphernalia" in possession (subd. 2) it is proper to admit testimony of the arresting officer at the time of the arrest that while listening on one of the telephones used in the room occupied by the accused he heard an unknown party send in betting information or ask for the entry of a bet on a horse race.

Finally appellants argue, but not too seriously, that there is some hint of double jeopardy in that the information was framed in three counts, that counts two and three were dismissed before trial on count one, and that such dismissal effected an acquittal as to count one. Appellants rest their argument on a false premise. The record of the trial proceedings of March 22, 1945, shows: "Thereupon the Court made an order finding each of the Defendants Guilty to the charge contained in count one of the Information.

"Thereupon the Court, upon motion of the District Attorney, made an order dismissing counts two and three as to each Defendant." From the record it appears that the dismissal of counts two and three was made after the trial.

But the three counts of the information were separately based upon subdivisions two, four, and six respectively of section 337a of the Penal Code each of which specifies a separate and distinct offense in relation to bookmaking. If

the appellants had been tried and acquitted of recording or registering a bet (subd. 4) or of making, offering or accepting a bet (subd. 6) they could not claim double jeopardy upon a second trial for occupying or keeping a room for betting purposes (subd. 2). Hence a dismissal of counts two and three after trial does not support a plea of double jeopardy.

The judgments and orders are affirmed.

Dooling, J., concurred.