[Crim. No. 659.   Fourth Dist.   July 16, 1948.]

THE PEOPLE, Respondent, v. BETTY MARIE HENRY, Appellant.

Leland E. Zeman for Appellant.

Fred N. Howser, Attorney General, John F. Hassler, Deputy Attorney General, and James L. Davis, District Attorney, for Respondent.

BARNARD, P. J.—The defendant was charged with a violation of section 11170 of the Health and Safety Code in that on July 3, 1947, she feloniously attempted to obtain narcotics by fraud, deceit and misrepresentation. In a second count she was charged with conspiring with an unknown person to feloniously obtain narcotics by such means. A jury having been waived, she was tried by the court and found guilty on both counts. Probation was denied and judgment was pronounced sentencing her to imprisonment at Tehachapi. While her notice of appeal is technically deficient it sufficiently appears that she has in good faith attempted to appeal from the judgment.

The appellant produced no evidence in her own behalf and the following facts appear without conflict. About 8:40 p. m.

on July 3, 1947, a pharmacist in a certain drug store in Santa Ana received a telephone call from a man representing himself as Dr. Larson, who ordered 30 dilaudid tablets of a certain strength to be delivered to a Mrs. Mitchell, who would call for them. Dilaudid is a preparation made from morphine, about five times as strong and less toxic, and it is habit forming. The pharmacist phoned to Dr. Larson, who said that no such prescription had been ordered by him, and then called the police. At 8 :45 p. m the defendant came into this drug store and being asked by the pharmacist if she was after the prescription for Mrs. Mitchell she replied, "Yes." She was told to wait a few minutes. When another clerk asked if he could help her the defendant replied that she was waiting for a prescription for Mrs. Mitchell. She then purchased a few articles. When the police officers arrived the pharmacist called "Mrs. Mitchell" to the defendant, who was then at the front end of the store, and she came over to him. In reply to their questions the defendant told the officers that her name was Mrs. Marie Henry; that she lived at 1812 French Street in Santa Ana; that she had not come to the store to get narcotics or medicine; that her name was not Mitchell; and that she had three children who were alone at home. Later, she told the officers that she lived at another address in the 1500 block on French Street in Santa Ana. There is evidence that there was no 1800 block on French Street and that the man living at the other address in the 1500 block had never heard of the defendant.

A pharmacist from another drug store testified that about 6 :30 p. m. on the same evening he received a phone call from a man who said he was Dr. Johnson of Santa Ana; that this man stated he had an emergency prescription for Mrs. Gunther of 307 West Palmyra Street; that this man asked for 30 of these same "dilaudid" tablets, saying that the patient would be right over for it and that he would send a prescription blank over in the morning; that while he was thinking the matter over the defendant came in and called for medicine for Mrs. Gunther; that he told her he would have to have certain information; that the defendant replied she would go and get the information but did not return; and that he then investigated and found there was no 307 West Palmyra Street.

An officer testified that in the forenoon of July 8, 1947, he responded to a call from the county hospital saying the defendant wanted to talk to someone; that he talked to the defendant

in the presence of the district attorney, a reporter and two others; that in reply to a question as to whether she used narcotics the defendant said she used "dilaudid," and that the last time she got some was on the preceding Thursday; that she got it from a friend named Sam Goldstein; that she went in the drug store first above mentioned on July 3d; that she went in there to get narcotics; and that Goldstein had called this drug store from a pay phone across the street, saying that he was a doctor and that either the defendant or his wife would come in and get it. When asked if there were any other women working for Sam Goldstein she replied "Two or three." When asked what Goldstein's business was she said "Selling narcotics and pimping." When asked if she had done this before and had thus gone in for prescriptions she replied that she had.

The appellant first contends that the evidence is insufficient to sustain a conviction on the first count. It is argued that there is no evidence that she attempted to obtain narcotics, and none that she attempted to do so through the use of a false name or a false address. This argument overlooks the other evidence showing misrepresentations as to the doctor, the prescription, the name and the address, all connected up with the appellant through her own statements and admissions.

It is next contended that the evidence is insufficient to sustain a conviction of conspiracy on the second count. It is argued that the fact of conspiracy cannot be proved by the declarations of a coconspirator, that certain of the evidence was inadmissible, and that the corpus delicti was not established prior to the receipt of any evidence which might tend to prove a conspiracy. Insofar as these objections go to the order of proof they are without merit. This is one of those cases where certain facts are so intimately blended with other facts that a departure from the general rule is permissible. (*People* v. *Fehrenbach,* 102 Cal. 394 [36 P. 678]; *People* v. *Férlin,* 203 Cal. 587 [265 P. 230]; *People* v. *Compton,* 123 Cal. 403 [56 P. 44].) The statements and admissions of the appellant are themselves sufficient to remove any doubt and to eliminate any possible prejudice which might otherwise have appeared. It may be further observed that, in any event, there could have been no prejudice in this regard in view of the fact that no order was made requiring a consecutive service of the sentence with respect to this count.

It is next contended that the court erred in admitting certain testimony and in refusing to strike the same. It is

first urged that the evidence of three telephone conversations was hearsay and inadmissible. With respect to the telephone conversation between Dr. Larson and the pharmacist both parties to the conversation testified. With respect to the telephone conversations between the pharmacist in the first-named drug store and an unknown person and that between the pharmacist at the second drug store and an unnamed person, only one party to the respective conversations testified and of course the appellant was not a party thereto. There is a well-established exception or departure from the hearsay rule applying to cases in which the very fact in controversy is whether certain things were said or done and not as to whether these things were true or false, and in these cases the words or acts are admissible not as hearsay, but as original evidence. (*Pfister* v. *Dascey*, 68 Cal. 572 [10 P. 117]; *People* v. *Kelley*, 22 Cal.2d 169 [137 P.2d 1]; *People* v. *Klein*, 71 Cal.App.2d 588 [163 P.2d 71]; *People* v. *Radley*, 68 Cal.App.2d 607 [157 P.2d 426].) ▇ Not only does this case come within the exception thus provided, but the material matter is also amply covered in the statements and admissions made by the appellant personally. Neither error nor prejudice appears in this regard.

▇ It is further contended that the court erred in admitting into evidence the statements and admissions made by the appellant to the officers on July 8. The testimony of the officer that he was sent for because the appellant wanted to talk to someone, and that the statements made by the appellant were freely and voluntarily made, was in no way denied at the trial. It is now argued, however, that while the evidence is not conflicting it discloses that the statements were made while the appellant was under arrest and confined in the psychopathic ward of the hospital, while she was in bed and under a doctor's care, at a time when she said she was ill, at a time when she was not represented by counsel, and when the only persons present were officials and employees of the hospital. It is argued that the only reasonable inference that could be drawn under these circumstances is that the appellant was at the time physically and mentally incapable of making a clear and concise statement, and that the statements made were not free and voluntary. These contentions are without merit. These questions of fact were passed upon by the trial judge and there is nothing in the record which in any way tends to indicate that his conclusions were not correct or that they were not amply supported by the evidence.

■ Five points are raised in connection with the entry of judgment. The first is that the appellant was not arraigned for judgment as required by section 1200 of the Penal Code. The clerk's minutes merely recite that at the hearing for probation the application was denied and that judgment was then pronounced, reciting its provisions. The formal judgment which was entered makes no mention of the matter. The matter was not called to the court's attention and is raised for the first time on appeal. Aside from the presumption in favor of the judgment, any error appears to come within the provisions of section 4½ of article VI of the Constitution. No prejudice appears, and it would be an idle act and a prejudice to the appellant to return her solely for the purpose of again pronouncing judgment. ■ The next two assignments of error are that the appellant should have been sentenced separately on each count and that the judgment fails to state whether the sentence is to run concurrently or consecutively. The judgment imposes but one sentence of imprisonment and nothing is said concerning an imprisonment with respect to each count. Under such circumstances, it will be presumed that only one sentence was intended and that the confinement for the two counts was to run concurrently. (*In re Radovich*, 61 Cal.App.2d 177 [142 P.2d 325].) No possible prejudice appears. ■ It is next contended that the judgment erroneously states that the appellant was convicted of two counts of violation of section 11170 of the Health and Safety Code, whereas she was charged in count I with a violation of that section and in count II with conspiracy to violate that section. This appears in a preliminary statement and is not a part of the judgment itself. Only one sentence being imposed, no prejudice appears. ■ Finally, it is urged that the court, in imposing sentence, improperly considered the fact that treatment for a narcotic addict was not available in the county jail. The reporter's transcript shows that after probation was denied counsel for the appellant stated that there was no legal cause to be shown why judgment should not be pronounced, and that the court thereupon remarked that in view of the doctor's report he felt that this particular individual should not be in jail since she would not be able to get proper treatment there. No abuse of discretion appears.

The judgment appealed from is affirmed, and the other purported appeal is dismissed.

Griffin, J., and Marks, J., concurred.