[Crim. No. 2671.   First Dist., Div. Two.   Dec. 5, 1950.]

THE PEOPLE, Respondent, v. MILTON KALMES, Defendant; RALPH BURTON, Appellant.

Deasy & Dodge and Philip L. Evans for Appellant.

Fred N. Howser, Attorney General, Clarence A. Linn and William M. Bennett, Deputy Attorneys General, for Respondent.

NOURSE, P. J.—Burton and Kalmes were tried to a jury on an information charging them with keeping a place with paraphernalia for the purpose of registering bets on horse races. Both were convicted and Burton alone has appealed.

He argues that the verdict is contrary to the evidence and that the act charged was not proved. Defendants rented space in a barbershop which was partially partitioned off into a separate room. There they installed telephones, a radio tuned to receive reports of results of horse races, pads of paper marked and ruled for marking racing information, three separate racing manuals or digests, pads showing "markers" recording bets on horses running that day and other incidentals shown to be of common use in registering bets on horse races. While the police officers were in the premises several inquiries came in over the telephones relating to races being held during the day.

■ The evidence is sufficient to support the verdict. The case is a near parellel to *People* v. *Cohn*, 94 Cal.App.2d 630 [211 P.2d 375]. We may rest on the statement therein reading: (pp. 636, 637)

"The recital of this evidence is a refutation of defendant's claim that there was insufficient evidence to support the verdict. It was said in *People* v. *Abraham*, 67 Cal.App.2d 425, 427 [154 P.2d 450]: 'A violation of section 337a, subdivision 2, is complete when it is shown that the accused occupied a place with papers and paraphernalia for the purpose of recording bets on horse races.' Defendant's occupancy of the premises, the use of the telephones, and the presence of the racing sheets and betting paraphernalia all unite to complete the proof of violation of the statute. On this there is ample authority. (*People* v. *Warnick*, 86 Cal.App.2d 900 [195 P.2d 552]; *People* v. *Kelley*, 22 Cal.2d 169, 176 [137 P.2d 1]; *People* v. *Vertlieb*, 22 Cal.2d 193, 196 [137 P.2d 437]; *People* v. *Ines*, 90 Cal.App.2d 495 [203 P.2d 540].)"

■ The objection that evidence of the telephone conversations was hearsay and improperly admitted is answered in the Cohn case. Such evidence was admissible, not to prove the truth of the conversations, but to prove that the phones were placed in the room for the purpose of taking bets. See cases cited in the Cohn case, page 637.

The judgment and order are affirmed.

Dooling, J., concurred.