[Crim. No. 1789. First Appellate District, Division Two.—May 17, 1934.]

THE PEOPLE, Respondent, v. FRANK CONLON, Appellant.

Leo A. Sullivan and A. K. Whitton, for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

NOURSE, P. J.—Defendant was convicted after trial by jury of the crime of arson. He appeals from the judgment and from the order denying a new trial. The appellant presents two points: That the evidence is insufficient, and that the trial court erred in denying his motion to reopen the case after it had gone to the jury.

■ The evidence is all circumstantial. At about 3:38 A. M. of October 11, 1933, a blazing fire was discovered at the rear porch of the home of appellant's sister. The fire department was called, the fire was extinguished, and then gasoline was found to have been spread about the porch and yard. A gasoline can was found in the yard; it was identified as one made exclusively by a garage near the premises and used by that garage in the sale of gasoline, it having a specially prepared spout to enable the purchaser to pour the gasoline into a motor tank. An employee of the garage testified that shortly before the fire, near the hour of midnight, he had sold appellant a gallon of gasoline in a can identical to the one found on the premises. Appellant had no motor vehicle and hence denied the purchase of the gasoline. Evidence was given that prior to the burning the appellant had quarreled with his sister because she had received the premises through a gift or devise from an aunt, and that he had threatened that she would not live to enjoy the home unless she settled with him. Evidence was also given that the appellant arrived at the emergency hospital less than an hour after the fire with a badly burned hand and that he informed the doctor in charge that he spilled gasoline on the hand while fixing his automobile. At this time he gave an assumed name. The conflict in the evidence lies in appellant's attempt to prove an alibi and in his feeble effort to explain the manner in which he incurred the injury to his hand. The flat denial by the appellant of his purchase of the gasoline in face of the positive testimony of the garage employee must have weakened his testimony in the eyes of the jury. But, disregarding all conflicts, the evidence of the circumstances are sufficient to sustain the verdict.

■ After the cause had been argued to the jury the appellant moved to reopen in order to permit him to offer testimony of an aunt who was prepared to say that, some four years prior to the burning, an uncle of the appellant had made threats against the life of appellant's sister. Such testimony was not admissible under any theory. As the granting or denial of such a motion is a matter committed to the discretion of the trial court, the appellant has failed to show error.

The judgment and order are affirmed.

Sturtevant, J., and Spence, J., concurred.