[Crim. No. 3683.   Second Dist., Div. Two.   Apr. 7, 1943.]

THE PEOPLE, Respondent, v. JOHN F. KOERTS, Appellant.

Thomas Higgins, Jr., for Appellant.

Robert W. Kenny, Attorney General, and R. S. McLaughlin, Deputy Attorney General, for Respondent.

WOOD (W. J.), J.—Defendant was found guilty of the violation of subdivision 4 of section 337a of the Penal Code, wherein it is made a criminal offense to record and register wagers upon the result of horse races. He has appealed from the order denying his motion for a new trial.

Police officers Jones and Fisk entered a barroom located at 725 East Fifth Street in the city of Los Angeles early in the afternoon of July 20, 1942, and found defendant standing near the south end of the bar. Defendant was making notations on a pad with a pencil and two or three men were looking over his shoulder. As the officers approached the bartender called out "Dutch." One of the officers tapped defendant on the shoulder and took from his right hand the pad and pencil and from his left hand a "scratch sheet" and a dollar bill. A number of scratch sheets and racing forms were found on the bar. Officer Jones qualified as an expert on bookmaking matters. He testified that the pad on which defendant was writing was a betting marker and that the papers found on defendant were customarily used by bookmakers in Los Angeles. He described the manner in which they were used in placing bets on horse races. Officer Jones further testified that he had a conversation with defendant in which defendant stated that he had been taking bets at that

location for about two days and that the pad from which he was writing when arrested contained a list of bets he had taken on that day; that his nickname was "Dutch."

It is now contended that: "The evidence was insufficient in that the corpus delicti was not established other than by the purported statements of the appellant made after his arrest." We find no merit whatever in this contention. It was not necessary to establish the corpus delicti beyond a reasonable doubt to make admissible in evidence the statements made by defendant. (*People* v. *Taylor*, 40 Cal.App.2d 324 [104 P.2d 846].) The papers found in the possession of defendant and the testimony of officer Jones concerning the use customarily made of such papers by bookmakers sufficiently established the fact that someone had recorded bets on purported horse races scheduled for that day.. The court did not err in receiving evidence of the admissions made by defendant to the officers.

There is a purported appeal from the "judgment of conviction," but defendant was placed on probation without the pronouncement of judgment. The purported appeal from the judgment is dismissed. (*People* v. *Patello*, 125 Cal.App. 480, 487 [13 P.2d 1068]; *In re Phillips*, 17 Cal.2d 55, 58 [109 P.2d 344].) The order denying a new trial is affirmed.

Moore, P. J., and McComb, J., concurred.