[Civ. No. 16233.   First Dist., Div. Two.   June 4, 1954.]

RODERICK J. WILSON, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Richard H. Cantillon for Petitioner.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, William K. Coblentz, Deputy Attorney General, Thomas C. Lynch, District Attorney and Cecil Poole, Assistant District Attorney, for Respondents.

NOURSE, P. J.—On November 26, 1952, an indictment was filed against the petitioner herein charging the commission of a felony—subornation of perjury—on the third day of January, 1951. No effort was made to apprehend him until February 22, 1954, when he appeared in Washington, D. C., in opposition to the confirmation of the Governor of the state as Chief Justice of the United States. He was thereupon

charged in the Municipal Court of Washington, D. C., with the crime of being a fugitive from justice of this state. Released on bail by the Washington court he was returned to San Francisco where, on March 29, 1954, he appeared in the superior court and moved for his discharge from the former indictment on the ground that he had not been brought to trial within the time fixed in section 1382 of the Penal Code. This motion was denied, hence this application for a writ of mandate.

The case made by the petitioner is that, prior to the indictment, he had established a residence in the city of Hollywood in Los Angeles County and had on August 29, 1952, so notified the Department of Motor Vehicles in Sacramento giving the number of his driver's license; that he has been continuously in business at that address under a partnership wherein his partner conducted his share of the business at an address in Oakland. That these addresses were publicized and that no effort was made to conceal them. He also showed that in the fall of 1953 he announced his candidacy for the governorship of California and that wide publicity had been given of that fact. The only conflict is that the Motor Vehicle Department had no record of a request for change of address.

The respondents do not make the slightest showing of an effort to apprehend the petitioner over the period of more than one year after the indictment. A trial within 60 days is mandatory unless some good excuse is given for the delay. The cases cited in the other opinions this day filed point out that the delay may be excused for good and reasonable cause. No good cause is shown here.

Let a peremptory writ issue as prayed.

Dooling, J., and Kaufman, J., concurred.