[Crim. No. 6419. In Bank. May 1, 1959.]

THE PEOPLE, Respondent, v. LAURINE TAYLOR, Appellant.

Henry C. Huntington and E. V. Cavanaugh for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Assistant Attorney General, for Respondent.

McCOMB, J.—From a judgment of guilty of violating section 11500 of the Health and Safety Code, after trial before the court without a jury, defendant appeals. She also appeals from the order denying her motion for a new trial.

*Facts*: About 2 p. m. on July 17, 1957, Police Officer Hunter and Policewoman Pettigrew of the Los Angeles Police Department were sitting in an automobile in a parking lot at the corner of Adams Boulevard and Normandie Avenue. Cecil Scott came up to the car, and the officers had a 10 or 15 minute conversation with him. Officer Hunter gave Scott $10. Scott then waved to defendant, and she came to the car, where Scott introduced her as his good friend to the police officers. He then mumbled something to defendant, who opened her red handbag, removed therefrom a white paper bindle and gave it to Scott, who immediately gave it to Officer Hunter.

Officer James H. Carter, a qualified expert in the field of chemistry, analyzed the contents of the bindle and testified that it contained heroin.

*Questions*: First. *Did the trial court err in denying defendant's motion, made pursuant to the provisions of section 1382, subdivision 2, of the Penal Code, to dismiss the action at the commencement of the trial?*

*No.* Section 1382 of the Penal Code of California reads in part: "The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases: . . . 2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial in a superior court within 60 days after the finding of the indictment."

The record shows that the indictment was filed September 12, 1957, but that no objection was interposed by defendant when she was arraigned on December 26, 1957, or when, after entry of her plea of not guilty on January 2, 1958, the trial date was set for February 11, 1958.

These rules are here applicable:

■ 1. The consent of a defendant that his trial on a criminal charge be set for a date beyond the 60-day limit prescribed in section 1382, subdivision 2, of the Penal Code is equivalent to a postponement upon his application within the meaning of that section. (*Ray* v. *Superior Court,* 208 Cal. 357, 358 [1] [281 P. 391].)

■ 2. When a defendant fails to object at the time a cause is set for trial beyond the statutory period, consent is presumed. (*Ray* v. *Superior Court, supra.*)

*Wilson* v. *Superior Court,* 125 Cal.App.2d 749 [271 P.2d 156], relied on by defendant, is inapplicable to the present case, for the reason that there was no showing in that case of any effort to apprehend the defendant for a period of more than one year after the return of the indictment. When he was brought before the court, he objected to a continuance of his trial beyond the 60-day period specified in section 1382, subdivision 2, of the Penal Code.

■ Second. *Did the trial court err in receiving in evidence the testimony of Officer Hunter that he paid $10 to Scott for the transaction here in question?*

*No.* Defendant contends that Officer Hunter's testimony that he gave $10 to Scott is hearsay evidence because the officer's act in handing over the money took place out of

defendant's presence. The testimony related only to an act which the witness himself performed, of which he had first-hand knowledge, and relative to which there was a controversy. His testimony was not hearsay evidence. (*Cf. People* v. *Henry,* 86 Cal.App.2d 785, 789 [195 P.2d 478].)

■ Third. *Was there substantial evidence to sustain the judgment of guilty against defendant?*

*Yes.* The indictment charged defendant with selling, *furnishing* and *giving away* a preparation of heroin. The crime charged was proven when the evidence set forth above was received showing that defendant furnished and gave away the narcotic. Likewise, the evidence was sufficient to prove that defendant participated in the sale thereof. Section 31 of the Penal Code classifies as principals in the commission of a crime, "All persons concerned in the commission of a crime . . . whether they directly commit the act constituting the offense, or aid and abet in its commission. . . ." ■ It is not necessary that the buyer deal directly with the seller. The fact that the parties deal with each other through a third party is sufficient to sustain a conviction. (*Cf. People* v. *Bradford,* 130 Cal.App.2d 606, 608 [5] [279 P.2d 561].)

The facts set forth above reasonably support the inference that (a) defendant was the seller of the narcotics, the officer the buyer, and Scott a go-between, or (b) defendant and Scott were coparticipants in the sale of the heroin to Officer Hunter. (*Cf. People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].)

The judgment and order are, and each is, affirmed.

Gibson, C. J., Shenk, J., Traynor, J., Schauer, J., Spence, J., and Peters, J., concurred.