[Crim. No. 1256.   Fourth Dist.   June 15, 1959.]

THE PEOPLE, Respondent, v. GENORA RANGEL
VALENZUELA, Appellant.

Kenneth N. Hastin, under appointment by the District
Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and David B. Allen, Deputy Attorney
General, for Respondent.

GRIFFIN, P. J.—A jury convicted defendant of assault
with a deadly weapon (.38 caliber revolver) in violation of
section 245 Penal Code, and escape from the custody of an
officer (violation of Pen. Code, § 4532, subd. (a).)

The testimony shows a police officer (Shinault), while patrolling the streets in a police car, saw defendant lying on the

ground on the north or sidewalk part of a street in Delano at about 4:25 p.m. He went over to defendant, examined him, and smelled the odor of alcohol on his breath. To him defendant appeared to be unconscious. He shook him twice and awakened him. He arose to a sitting position and the officer told him to stand up. He refused and the officer then helped him to his feet. Each recognized the other because of a fracas in which defendant was involved the night before after which the officer arrested defendant, placed him in a car, but after explanation by the assembled crowd, he released him. Defendant, on the occasion here involved, said: "You let me go last night, let me go again." The officer replied: "No, you had your chance last night." Defendant had bruises on his face. The officer testified he was of the opinion defendant was under the influence of intoxicating beverages. He moved defendant toward the car, searched him, opened the door of the car, and told him to enter it. Defendant resisted. After placing defendant in the car, defendant lodged his foot in the door to prevent its closing on three separate occasions. Finally, the officer struck the sole of defendant's shoe with his flashlight. Defendant kicked open the door and got out. The officer attempted to handcuff him and the defendant began to struggle with him and grabbed a .38-caliber S & W loaded revolver from the holster worn by the officer, broke away from him and stepped about 10 feet back and pointed the gun at the officer (about midsection) and cocked the hammer. Nearby witnesses yelled at defendant and begged him not to shoot the officer. The officer suddenly jumped behind his car and defendant ran away through a nearby yard. A shot was fired and defendant encountered a neighbor and ordered him to convey him to McFarland, a near-by town. Officers were called. They approached this car with guns pointed at defendant's head, told him he was under arrest, handcuffed him, and then ordered him to step out. Under the seat was found the officer's revolver. On the way to the police station the officers asked the defendant what had gotten into him and he replied he had been on wine for two or three days; that he did not know why he had taken the officer's gun, but said the officer was "not fair."

Defendant, at the trial, said he was lying under a tree because he was "kind of sick" and "too tired to walk"; that he started drinking wine at 8:30 that morning; that he remembered the officer kicking him and waking him up and telling him to get into the car because he was going to put him

in jail; that he asked him ''what for'' and the officer said: ''Oh, just get in the car'' and he did so. He related in detail about putting his foot in the door on three occasions and said a struggle ensued and he ''didn't grab for the gun—the gun come automatically to me''; that he walked away, pulled back the hammer, and witnesses told him not to shoot the officer; that he then started to thinking and he realized what he was doing and ran; and that he thought it best to go to McFarland and turn in the gun.

Defendant contends on this appeal that the evidence was insufficient to show he acted with criminal intent in obtaining the gun and aiming it at the officer. We see little merit to this argument. This was a factual question for the determination of the jury and its determination cannot be disturbed on appeal. (*People* v. *Schwab*, 136 Cal.App.2d 280, 286 [288 P.2d 627] ; *People* v. *Pittullo*, 116 Cal.App.2d 373 [253 P.2d 705] ; *People* v. *Laya*, 123 Cal.App.2d 7, 14 [266 P.2d 157].)

The next contention is that the arrest was invalid since Officer Shinault did not announce his intention to arrest the defendant before taking him into custody, and did not notify him of the nature of the charge, citing section 841 of the Penal Code, reading:

''*Formalities in making arrest; exceptions* . . .

''*Arrest, How Made.* The person making the arrest must inform the person to be arrested of the intention to arrest him, of the cause of the arrest, and the authority to make it, except when the person to be arrested is actually engaged in the commission of or an attempt to commit an offense, or is pursued immediately after its commission, or after an escape.''

The facts show that defendant was lying near the street or sidewalk in a public place, apparently in a state of intoxication, which was a violation of the law. An instruction to this effect (citing Ordinance No. 248) was read to the jury. While the evidence does not directly show that the officer told the defendant he was under arrest and the reason for his arrest, it should be quite apparent to the defendant, in the face of the circumstances related, that he was in fact under arrest for an offense committed in the presence of the officer. Apparently defendant knew he was under arrest. He testified the officer so told him and ordered him to get in the car. In the examination of the officer on the witness-stand the prosecutor asked him why he arrested the defendant. Defendant's counsel objected, and the objection was sustained. Defendant

should not now complain because he shut out the evidence which would have established that fact. It might well have appeared to the officer when he aroused the defendant that he would be incapable of understanding him if he had then told him he was under arrest for intoxication.

In *People* v. *Herman*, 163 Cal.App.2d 821 [329 P.2d 989], it was held that under section 841 of the Penal Code it is not necessary for the officer to inform the person to be arrested of the cause of his arrest when the person making the arrest has reasonable cause to believe that the person to be arrested is actually engaged in the commission of an offense.

In *Willson* v. *Superior Court*, 46 Cal.2d 291 [294 P.2d 36], it was held where it may be inferred from the fact that petitioner was arrested in a public bar, but made no outcry or objection, that she realized that the arresting officer was a police officer whose purpose was to make an arrest, it is immaterial that petitioner was not expressly informed of the officer's authority and purpose.

Under the circumstances, we are convinced the arrest by the officer in the first instance was authorized and lawful, and an escape thereafter by the means indicated, sufficiently supported the conviction on the remaining count.

Judgment affirmed.

Mussell, J., and Shepard, J., concurred.