[Crim. No. 6785.  Second Dist., Div. One.  Dec. 28, 1959.]

THE PEOPLE, Respondent, v. JESSE SMITH et al., Defendants; EVERT WILLIAMS, JR., Appellant.

Russell E. Parsons for Appellant.

Stanley Mosk, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

LILLIE, J.—Defendant Williams was charged by information in Count I with bookmaking, in Count II with unlawfully keeping a place for recording bets, and in Count III with having recorded or registered bets (Pen. Code, § 337a, subds. 1, 2 and 4). His codefendant Smith was charged in Count I with bookmaking and in Count IV with permitting rooms to be used for bookmaking or for receiving and recording bets (Pen. Code, § 337a, subd. 5). Following a court trial, Williams was found guilty as charged in Count III and not guilty of the offenses charged in the remaining counts. Smith was acquitted. Williams has appealed from the judgment of conviction as well as from an alleged order which denied his asserted motion for a new trial. The record not disclosing that such a motion was made or that an order denying it was entered, the attempted appeal from the alleged order must be dismissed (*People* v. *Martin*, 46 Cal.2d 106 [293 P.2d 52]).

The evidence, necessarily viewed in the light most favorable to respondent, shows that on October 3, 1958, Officers Key and Arnold entered a tavern located on South Central Avenue in the city of Los Angeles and observed appellant standing at the front of the bar engaged in conversation with another person nearby. Spread open on the bar was a National Daily Reporter. During the course of his conversation with the other person, appellant was seen pointing to the Reporter with a pencil in his hand. An adding machine was located at the end of the bar; and a brown paper bag found in the kitchen contained some 30 adding machine tapes with numbers on them and a piece of paper upon which there were pencil notations. Three weeks later, on October 24, Officers Griffin and Arnold again entered the premises and observed appellant operating the adding machine. On November 5, Officer Griffin called at the tavern and upon entering the front door, observed appellant standing at the end of the bar on which there was an adding machine. Another man was standing immediately to appellant's left with a scratch sheet for that date spread out on the bar. As this man's finger was placed upon the open scratch sheet, appellant was seen to strike the keys on the adding machine. When appellant pulled down the lever, he looked up and saw Officer Griffin; he immediately pulled the tape out of the machine and threw it on the floor. Griffin retrieved the paper and discovered several numerals thereon in a vertical or perpendicular column as follows: "8 6.63 6.84 1.11 6.72 7.08 1.11." It having been stipulated that Griffin was qualified as an expert in such matters, the officer testified that he was of the opinion that the figures on the tape were the recordation of a wager; more specifically, that the several numbers signified that bettor Number 8 had parlayed a dollar to win, a dollar to place and a dollar to show between two groups of horses. A second witness for the prosecution, who qualified as a forensic chemist and comparative analyst, reached the conclusion that the tape recovered from the floor had been torn from the tape remaining in the adding machine.

By way of defense, appellant denied that he was operating the adding machine when Officer Griffin entered the bar; he further denied that he had a strip of tape in his hand. A barmaid, the only other witness called by the appellant, testified that she did not observe any piece of tape in appellant's hand.

It is contended by appellant that (1) the corpus delicti of

the crime was not established and (2) the evidence was insufficient to support the judgment. Neither claim has merit.

Appellant was convicted of having recorded a bet and a wager on the result of a trial and contest of speed and power of horses (Pen. Code, § 337a, subd. 4). At the time and place in question he was discovered in possession of documentary matter "such as ordinarily goes to make up the working material of a bookmaker receiving and recording bets" (*People* v. *Mix,* 41 Cal.App.2d 177, 180 [106 P.2d 21]). In *People* v. *Koerts,* 58 Cal.App.2d 9 [135 P.2d 614], where the identical offense was involved, the court rejected a similar contention that the corpus delicti had not been established: "The papers found in the possession of defendant and the testimony of Officer Jones concerning the use customarily made of such papers by bookmakers sufficiently established the fact that someone had recorded bets on purported horse races scheduled for that day" (p. 11). Although it is not necessary that proof beyond a reasonable doubt be offered to establish the corpus delicti, prima facie proof thereof being sufficient (*People* v. *Hart,* 46 Cal.App.2d 230, 233 [115 P.2d 546]), appellant's possession of the incriminating material, together with the explanation by competent expert testimony of the cryptic symbols thereon "were infallible proof of his unlawful purpose." (*People* v. *Lima,* 152 Cal.App.2d 576, 579 [313 P.2d 866].) Appellant unsuccessfully relies on *People* v. *Davis,* 47 Cal.App.2d 331 [117 P.2d 917], and *People* v. *Newman,* 37 Cal.App.2d 627 [99 P.2d 1067]. In the Davis case, the court held that the meaning of symbols found on the paper recovered from defendant was not the subject of expert testimony. Subsequently, the Supreme Court was confronted with an identical problem and held to the contrary, expressly disapproving any language in *People* v. *Davis, supra,* in conflict therewith (*People* v. *Newman,* 24 Cal.2d 168, 176 [148 P.2d 4, 152 A.L.R. 365]). Appellant's second case, *People* v. *Newman,* 37 Cal.App.2d 627 [99 P.2d 1067], is readily distinguishable from the proceeding at bar, inasmuch as there was a complete failure to identify, through competent evidence, the slips of paper containing betting notations as being the property of or in the possession of the defendant. As heretofore pointed out, Officer Griffin saw appellant operating the adding machine and saw him rip the tape from the machine and drop it to the floor; and thereafter the tape, recovered by Griffin, was identified as having been torn from the machine.

█ The only other ground of appeal is the insufficiency of the evidence to warrant a finding of guilt. Upon submission of the matter for decision, the trial court expressed itself as follows: "Well, frankly I looked at these exhibits, and the tape doesn't look like a betting marker to me. I am not much of an expert on betting markers, I suppose, and I presume that I must take the testimony of the experts, and I don't know that this is a betting marker." It is argued that the foregoing statement indicated that the court entertained a doubt as to appellant's guilt; therefore, he says, under fundamental principles relating to the presumption of innocence and the doctrine of reasonable doubt, a reversal is required. No antecedent expression of the court, whether casual or cast in the form of an opinion, can in any way restrict its absolute power to declare its final conclusion upon proper submission of the cause; nor will such an expression, casual or otherwise, furnish any basis for attack on a finding unless it be "made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below" (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778]).

█ Contrary to appellant's claims, the testimony of Officer Griffin sufficiently supports a finding that the adding machine tape was a record or register of a wager or bet as proscribed by subdivision 4, section 337a, Penal Code. Examination of several of the decisions pertaining to the same subject matter would indicate that the instant prosecution followed a formula which has been consistently approved by our appellate courts. Thus, incriminatory material was taken from the possession or control of the accused, and the illegality of such material was thereafter sufficiently explained by qualified expert testimony (*People* v. *Newman, supra,* 24 Cal.2d 168, 171-172; *People* v. *Bateman,* 57 Cal.App.2d 585, 587 [135 P.2d 192]; *People* v. *Hinkle,* 64 Cal.App. 375 [221 P. 693]). The rationale is set forth in *People* v. *Hinkle, supra*: "Not only were the arresting officers qualified by experience to give expert testimony, but the nature of the documents taken from appellant's possession was such as to call for opinion evidence to explain their hidden meaning. Courts do not take judicial notice of the meaning of the signs and characters used by horse-race gamblers" (p. 379).

We have examined Officer Griffin's testimony as to the meaning of the figures and find it to be clear, precise and definite. In that respect, it is idle for appellant at this stage

of the proceedings to point out certain excerpts therefrom, while under cross-examination, to the effect that under different circumstances the numbers, standing alone, might be interpreted in different ways. Thus, the officer testified that "6.84" could mean six hundred eighty four, the same being true of the other numbers. Respondent correctly contends that the officer was explaining the meaning of a series of numbers identifiable as constituting a code used by bookmakers in the Los Angeles area. Additionally, and refuting the claim that the circumstances at bar might also be reconciled with appellant's innocence, the attempt by appellant to divest himself of possession of, or control over, the material seized tended to show that he was not using it for a legal purpose (*People v. Newman, supra,* 24 Cal.2d 168, 174; *People v. Barnhart,* 66 Cal.App.2d 714 [153 P.2d 214]). Interestingly enough, in *People v. Barnhart, supra,* a conviction of recording a bet (Pen. Code, § 337a, subd. 4) was upheld where the judgment was based on testimony by the officers as to the meaning of figures on the scratch sheet, coupled with appellant's action in slipping the receiver off the hook when the officers passed to prevent the telephone from ringing. Here, of course, the appellant was actually observed making the notations in question after he and another man had been seen consulting a scratch sheet on which the other man's finger was placed.

Two other cases, relied on by appellant, are not in point. *People v. Fisk,* 32 Cal.App.2d 26 [89 P.2d 142], and *People v. Schrader,* 32 Cal.App.2d 543 [90 P.2d 331], both involved violations of subdivision 2 and not subdivision 4 of section 337a; hence, neither case was concerned with the pivotal question as to the recording or registering of a bet.

Summing up: on two occasions prior to appellant's arrest he was seen engaging in activities that engendered suspicion; at the time of arrest his attempt to conceal material, now asserted to be innocuous, is inconsistent with the claim of innocence; finally, there was no evidence to contradict prosecution testimony as to the significance of the figures on the tape.

The judgment is affirmed; the appeal from the alleged order denying a motion for a new trial is dismissed.

Wood, P. J., and Fourt, J., concurred.