[Crim. No. 7096.   Second Dist., Div. Two.   Dec. 21, 1960.]

THE PEOPLE, Respondent, v. ED DEMERY, Appellant.

Harry E. Weiss for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Robert M. Sweet, Deputy Attorney General, for Respondent.

HERNDON, J.—In two informations filed by the District Attorney of Los Angeles County, appellant was charged with three separate violations of Penal Code, section 337a (bookmaking) in that: (1) on March 24, 1959, appellant recorded a bet in violation of subdivision 4 of said section; (2) that on March 28, 1959, appellant violated subdivision 2 by keeping or occupying a place with paraphernalia for recording bets; and (3) that on March 28, 1959, appellant recorded a bet in violation of subdivision 4 of said section.

The charges contained in the two informations were consolidated for trial, jury trial was waived, and the cause was submitted to the court on the transcript of the evidence received at the preliminary hearing. Appellant was found guilty on all three charges, and he now appeals from the judgment of conviction.

Appellant's primary contention is that the evidence against him was obtained as the result of an illegal search and seizure, and was therefore improperly received at the trial. This contention is wholly devoid of merit for the sufficient reason that no objection was interposed at the trial to the admission of any of the incriminating evidence. No question of illegal arrest, search or seizure was raised in the trial court. It is settled law that such objection cannot be raised for the first time on appeal. (*People* v. *Richardson,* 51 Cal.2d 445, 447 [334 P.2d 573]; *People* v. *Goldberg,* 152 Cal.App.2d 562, 572 [314 P.2d 151]; *People* v. *Williams,* 148 Cal.App.2d 525, 532 [307 P.2d 48].)

Appellant's second major contention is that the evidence is insufficient to sustain his conviction. A recital of the evidence favorable to the prosecution will suffice to demonstrate the lack of merit in this contention.

Officer Robert B. McIntosh of the Los Angeles Police Department testified that on March 24, 1959, he and another officer were investigating vice conditions in the vicinity of 1375 East Vernon. In the course of this investigation, they entered appellant's premises, a one-story brick building housing a domino parlor at the above address. Upon entering appellant's establishment, the officers observed seven men seated at a table in the front room playing dominos. The

officers then proceeded into the rear room, and observed approximately six other persons seated around a table studying National Daily Reporters and daily racing forms. A radio was broadcasting racing information and results.

At this point, appellant stepped from behind a partition in the rear room and asked if the officers were looking for him. Officer McIntosh replied in the affirmative and walked toward the appellant to engage him in conversation. As he approached appellant the officer noticed a small piece of white paper on the floor about 12 inches from appellant's left foot.

It was stipulated that Officer McIntosh was an expert in bookmaking activities and paraphernalia commonly used in Los Angeles County. In reference to the piece of paper found by appellant's foot, Officer McIntosh testified that he recognized it as "a betting marker, a wager on the horses." The officer further testified that in his opinion the numbers and letters appearing on the paper represented and recorded two different wagers on horse races.

After Officer McIntosh had recovered the paper from the floor, he asked appellant what it was. At first appellant denied that the paper was his. After some further conversation, however, appellant stated that he had the paper in his coat when the officers entered and that he had thrown it on the floor because he thought it was a betting marker. He then proceeded to explain that it was not actually a betting marker but a record of a wager on clearing house numbers that he had made previously that morning. At this point, appellant was placed under arrest.

Officer John W. Dempsey of the Los Angeles Police Department testified that he visited appellant's place of business on March 28, 1959. After entering the premises, the officer observed appellant and 10 other men in the back room. Appellant was seated at the end of the table upon which were two National Daily Reporters and racing sections from local newspapers. As the officer approached him, appellant looked in his direction and then placed in his mouth a small piece of white paper which he appeared to chew. Officer Dempsey immediately went to appellant's side and told him to spit out the paper. Appellant replied: "Well, I'm waiting for you to put your hand in front of my mouth so I can spit on it." The officer then asked appellant how many bets he had recorded on the paper which he chewed up. To this appellant replied: "Who told you I was a bookmaker? . . . I haven't taken any bets today."

In addition to the items previously mentioned, Officer Dempsey observed a piece of cardboard on the table in front of appellant. Various numbers had been written on the cardboard, some of which had been marked out while others remained legible. Officer Dempsey testified that in his opinion the numbers represented and were recordations of bets on horse races.

When he was questioned about the numbers on the cardboard, appellant replied that they were some figures which he had been adding together. Officer Dempsey then asked appellant if he had written them and he replied: "Yes, I guess I did . . . I think I did."

At this juncture appellant attempted to scratch out certain of the numbers with a pen. The officers grabbed his hand and prevented him from obliterating them. When asked if a particular number referred to a bet, appellant replied: "If you can make a marker out of that, my attorney will make you look like a foot in court."

We conclude, contrary to appellant's contention, that the evidence above summarized is entirely sufficient to sustain the conviction on all three counts. (*People* v. *Smith*, 176 Cal.App.2d 688, 691-692 [1 Cal.Rptr. 661]; *People* v. *Lima*, 152 Cal.App.2d 576, 578-579 [313 P.2d 866]; *People* v. *Hudak*, 149 Cal.App.2d 88, 93 [307 P.2d 942].) Moreover, significance may be attached to appellant's failure to take the witness stand or to introduce any evidence in explanation or denial of the evidence against him. (*People* v. *Lima*, *supra*, at p. 579.)

The judgment is affirmed.

Fox, P. J., and Ashburn, J., concurred.