[Crim. No. 7873.   Second Dist., Div. Four.   Apr. 25, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. CARLOS C. RIVERA, Defendant and Appellant.

Carlos C. Rivera, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—Appellant was arrested on the 12th or 13th of March, 1961, following an indictment by the grand jury. He was tried by jury and a verdict was returned against him for violation of section 11501, Health and Safety Code, selling, furnishing and giving away heroin, a narcotic. Motion for a new trial was denied, probation was denied and defendant was sentenced to the state prison for the term prescribed by law.

Defendant appeals in propria persona from the judgment of conviction and the order denying his motion for a new trial.

A résumé of the evidence is as follows: On May 13, 1960, Officer Robert S. Nieto of the Los Angeles Police Department was working undercover through the Narcotics Division. His assignment entailed trying to make purchases from various narcotic peddlers. At approximately 1:50 p. m. on May 13, Officer Nieto was seated at a juice bar with one Eddie Rodriguez, which juice bar was located in a market at 317 South Broadway. Rodriguez said, "Here comes Loco" and waved to defendant who came over and asked in Spanish if they wanted to "connect." Officer Nieto testified the term "connectar" is the Spanish term meaning making a transaction with someone for narcotics. Officer Nieto said, "I want a half." Defendant replied "At the toilet." Officer Nieto further testified he is of Spanish extraction and spoke Spanish, that "half" refers to a half gram which amounts to five "caps." He testified further that he went to the rear exit with defendant which led to the alley, continued westbound between two buildings in the alley, and emerged on Hill Street. They then proceeded to the southwest corner of First and Hill where Alberto's bar was located. Defendant looked inside, came back to Nieto and said, "Give me the money." Officer Nieto handed him two five-dollar bills. Defendant said "Let's go," and they proceeded into the bar. Defendant went to a male person and handed him the two five-dollar bills.

The other person (John Doe No. 7) walked toward the restroom and defendant said to Officer Nieto "Let's go" and they followed the person into the restroom. Defendant and Nieto were in the portion of the restroom where the wash basin was located, and the other person was in the portion where the toilet was. This person passed between defendant and Officer Nieto and handed the officer a red balloon which he had removed from his mouth. Officer Nieto pretended to put the balloon into his mouth but instead placed it in his pocket. He then went to Central Division, Narcotics Division. He opened the red balloon and found it contained five gelatin capsules which held a white powdery substance later established to be heroin.

Defendant testified at his trial, through an official court interpreter, and denied that he had ever had any transaction with Officer Nieto.

Edward Rodriguez, testifying on behalf of defendant, stated he did not introduce defendant to Officer Nieto, and said: "He's the wrong man." As to whether or not he knew Officer Nieto he refused to answer on the "Fifth Amendment." He further testified in response to a question by the court that he did not know what the "Fifth Amendment" meant and admitted he did know Officer Nieto.

Defendant contends the evidence is insufficient to justify the verdict. With this contention we do not agree. There was substantial evidence from which the jury could properly conclude that defendant participated in the sale.

As stated in *People* v. *Taylor*, 52 Cal.2d 91, 94 [338 P.2d 337], "It is not necessary that the buyer deal directly with the seller. The fact that the parties deal with each other through a third party is sufficient to sustain a conviction."

The facts set forth support the inference that defendant was the go-between. Officer Nieto gave two five-dollar bills to defendant and defendant said "Let's go."

In the presence of Officer Nieto the heroin was passed to defendant, who in turn passed it to Officer Nieto. In a case similar to the case at bar, *People* v. *Valencia*, 156 Cal.App.2d 337 [319 P.2d 377], the court held that the logical inference from all of the circumstances was that appellant sold the narcotics to the officer using the operator as the medium of delivery and said at page 340: ". . . we must assume in favor of the verdict the existence of every fact which the trier of fact could have reasonably deduced from the evidence. . . ."

Defendant next contends "that his trial was unconstitutional in that he did not have a court hearing prior to sixty days." The record reflects defendant made a motion to dismiss under subdivision 2, section 1382, Penal Code, which was denied.

The indictment was filed July 26, 1960. The arrest did not occur until March 12, 1961. On March 20, 1961, trial was set for May 16, 1961. The cause was continued to May 25, and then continued to June 5, 1961. Defendant demanded a jury trial. Time was waived by defendant. Trial was started June 5, 1961.

In *People* v. *Taylor, supra,* 52 Cal.2d 91, 93, the court stated:

"1. The consent of a defendant that his trial on a criminal charge be set for a date beyond the 60-day limit prescribed in section 1382, subdivision 2, of the Penal Code is equivalent to a postponement upon his application within the meaning of that section. (*Ray* v. *Superior Court,* 208 Cal. 357, 358 [1] [281 P. 391].)

"2. When a defendant fails to object at the time a cause is set for trial beyond the statutory period, consent is presumed. (*Ray* v. *Superior Court, supra.*)"

In the case at bar defendant personally waived the statutory period.

Defendant also contends he was denied a fair trial. We have reviewed the entire record. Defendant was represented adequately by counsel. An official interpreter was present at all stages of the proceedings. The court properly instructed the jury after argument of both counsel. We find no error.

Defendant next contends there was no probable cause for his arrest, stating "When originally arrested there was no evidence filed against me." This contention is raised for the first time on appeal. As was said in *People* v. *Demery,* 187 Cal.App.2d 613, 614 [10 Cal.Rptr. 135], "No question of illegal arrest, search or seizure was raised in the trial court. It is settled law that such objection cannot be raised for the first time on appeal."

The judgment of conviction and order denying defendant's motion for new trial are affirmed.

Burke, P. J., and Balthis, J., concurred.