[Crim. No. 274.    Fifth Dist.    Dec. 9, 1966]

THE PEOPLE, Plaintiff and Respondent, v. RICHARD DONALD GAINES, Defendant and Appellant.

Ernest H. Tuttle, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Raymond M. Momboisse and Stephen Cooper, Deputy Attorneys General, for Plaintiff and Respondent.

GARGANO, J.—Defendant appeals from a conviction of assault upon a police officer with a deadly weapon in violation of section 245, subdivision (b), of the Penal Code, and battery in violation of section 242, a lesser and included offense within section 245, subdivision (a), of the Penal Code. He was also charged with one prior conviction of felony, which he admitted.

On December 7, 1965, the defendant picked up his wife Mabel near the bus station in Ceres. Defendant had been drinking with a friend before he met his wife, and afterward both he and his wife visited a cocktail lounge in Stockton. From there they went to the home of Mabel's parents (the Bragers) where they began to argue. Defendant wanted to leave with his wife but she did not want to go. Finally, he

forced her to leave, but not before she asked her sister to call the police. At the car defendant opened the door and pushed Mabel in from the driver's side. Mabel refused to pull her feet into the car, whereupon defendant struck her in the face with his fist, knocking her down on the front seat. As Mabel was lying on the front seat defendant again struck her in the face with his fist.

Officer McCown of the Ceres Police Department, dressed in full uniform, arrived at the Brager home at 5:10 p.m. in response to the call which had apparently been made by Mabel's sister. As he pulled into the driveway he saw defendant leaning into the car swinging his arms; he also saw a woman's legs extending out of the car and he heard her screams. He quickly alighted from his car and rushed toward the defendant. He was met by several members of the Brager family who ran toward him crying, "He's hitting her. He can't do that." The officer reached defendant just after Mabel had been struck the second time. He grabbed defendant by the arm and placed him in the squad car.

At this point the testimony is conflicting. Defendant testified (corroborated by Mabel and her brother) that shortly after McCown opened the door of the squad car he struck defendant twice with his billy club, and defendant then "went into hysterics" and remembered nothing thereafter until he was booked at the police station. Officer McCown, on the other hand, testified that after peacefully putting defendant in the squad car he returned to aid Mabel and to complete his investigation; that while talking with her he heard a door click and turned in time to see defendant get out of the patrol car; that he walked toward defendant, who made a fist in a threatening manner; that he then pushed defendant against the car and defendant grabbed his patrolman's billy club and struck him with it; that a struggle ensued and he was again struck with the billy club.

Lieutenant Trantham, also of the Ceres Police Department, arrived at the scene during the struggle. Trantham joined in the struggle, and when the two officers could not subdue defendant, he pointed a cocked revolver in defendant's face. Defendant immediately dropped the club, jumped up with his hands raised and said, "Man, don't shoot. I dropped the club." Defendant was then told that he was under arrest and he was advised of his rights to remain silent and to have an attorney, and that anything he said could be used against him.

## I

Defendant first contends that when Officer McCown placed him in the patrol car he made an unlawful arrest and defendant was entitled to use force to resist. He urges that it follows that defendant's conviction under Penal Code section 245, subdivision (b), cannot be sustained and must be reversed.

Defendant's contention is wholly without merit. There is ample basis for this court to sustain the conviction, bearing in mind that we must assume in favor of the existence of every fact that the jury could have reasonably deduced from the evidence. (*People* v. *Newland,* 15 Cal.2d 678 [104 P.2d 778] ; *People* v. *Robbins,* 225 Cal.App.2d 177 [37 Cal.Rptr. 244].)[1]

As testified by Officer McCown, the defendant was not under arrest at the time that he was first restrained from assaulting his wife and placed in the police car. He was merely being detained until the officer could complete his investigation, and under the circumstances the pre-arrest detention was not only proper but warranted. (*People* v. *Amos,* 190 Cal.App.2d 384 [11 Cal.Rptr. 834] ; *People* v. *Harris,* 212 Cal.App.2d 845 [28 Cal.Rptr. 458].)

The officer thereafter was performing his duty when he placed the defendant in the police car and returned to aid Mabel and to take statements. Moreover, the defendant knew he was being detained by a police officer, and he knew, or reasonably should have known, that the officer was performing his duty when the assault was committed. Thus, according to these facts, all prerequisites necessary to sustain a conviction under section 245, subdivision (b), have been satisfied. That is, under section 245, subdivision (b), the crime is committed when (1) an assault with a deadly weapon or instrument or any means likely to produce great bodily harm (2) is committed upon the person of a peace officer (3) with knowledge or under such circumstances that a reasonable person would know that the victim is a police officer engaged in the performance of his duties (4) when such peace officer is in fact engaged in the performance of his duties.

Even if we assume, for the sake of argument, as defendant asserts, that the initial restraint amounted to an arrest, it still would have been a legal arrest.[2] A disturbance

---

[1] (U.S. cert. den. 382 U.S. 1017 [15 L.Ed.2d 531, 86 S.Ct. 631].)

[2] Penal Code section 836 authorizes an officer to arrest without a warrant:

had been reported to the police, and Officer McCown had answered the call. He testified that as he drove into the driveway of the Brager residence he was met by several members of the family who called to him, ''He's hitting her.'' He then looked at the car parked in the driveway and saw defendant standing by the open door on the left side, leaning inside the car. He was swinging his arms in a striking motion directed toward the front seat of the car. He also saw a woman's legs protruding from the open car door and heard a woman scream. ██ ██ ██ ██ To hold that under these facts there was not reasonable cause[3] for the officer to believe that the defendant was committing a public offense in his presence, or even that there was not reasonable cause for the officer to believe that the defendant was committing a felony, would be an affront to the law and an insult to common sense.

However, even if reasonable cause for arrest were lacking, defendant's assault on the officer would not have been justified. Penal Code section 834a establishes a duty to submit to arrest by one whom the arrestee should know to be a peace officer regardless of whether the arrest is lawful or not. (*In re Bacon*, 240 Cal.App.2d 34 [49 Cal.Rptr. 322].)

## II

Defendant next contends that he was not informed that he was under arrest or advised of his constitutional rights, and that this omission requires a reversal of his convictions. His arguments, however, are confusing and difficult to follow.

██ As we have stated, defendant's initial restraint was a proper pre-arrest detention and Officer McCown was not at that time required to advise defendant of his constitutional rights. Moreover, even if we should agree that the restraint amounts to an arrest, it was not necessary, under Penal Code section 841, for the officer to immediately inform the defendant that he was under arrest. The section excepts, from the rule requiring an officer to state the ground of arrest, the

---

''1. Whenever he has reasonable cause to believe that the person to be arrested has committed a public offense in his presence.

'',  .   .   .   .   .   .   .

''3. Whenever he has reasonable cause to believe that the person to be arrested has committed a felony, whether or not a felony has in fact been committed.''

[3]As to reasonable cause, the test is not whether the evidence from which the officer acts in making the arrest is sufficient to convict, but only whether the person should stand trial. (*People* v. *Ingle*, 53 Cal.2d 407 [2 Cal.Rptr. 14, 348 P.2d 577], cert. den. 364 U.S. 841 [5 L.Ed.2d 65, 81 S.Ct. 79]; *People* v. *Hanamoto*, 234 Cal.App.2d 6 [44 Cal.Rptr. 153].)

instance "when the person making the arrest has reasonable cause to believe that the person to be arrested is actually engaged in the commission of or an attempt to commit an offense."

After the assault on Officer McCown had been committed and after the defendant was subdued by the officers, he was immediately informed that he was under arrest and advised of his constitutional rights. However, even if he were not so advised, appellant's position is not supported by the cases he cites, i.e., *Escobedo* v. *Illinois*, 378 U.S. 478 [12 L.Ed.2d 977, 84 S.Ct. 1758] ; *People* v. *Dorado*, 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361] ; *Wong Sun* v. *United States*, 371 U.S. 471 [9 L.Ed.2d 441, 83 S.Ct. 407] ; and *Rochin* v. *California*, 342 U.S. 165 [96 L.Ed. 183, 72 S.Ct. 205, 25 A.L.R.2d 1396]. There is no indication from the record that incriminating statements were taken or other incriminating evidence was abduced as a result of this failure. ■ At best, the defendant is complaining of an unlawful arrest which occurred after the crime had been committed, and it is settled that a person does not gain immunity from punishment for an offense for which he was unlawfully arrested. (*People* v. *Valenti*, 49 Cal.2d 199 [316 P.2d 633].)[4] ■ Moreover, defendant raised no objection at the trial to the legality of the arrest, and he is therefore precluded from raising the issue for the first time on appeal. (*People* v. *Rivera*, 202 Cal.App.2d 839 [21 Cal.Rptr. 182].)

## III

■ In his third contention that the officer's unprovoked assault upon him was a denial of due process requiring reversal, defendant is simply quarreling with a finding of the jury. Defendant, his wife and her brother testified that Officer McCown returned to the patrol car after having placed defendant therein and struck him with his billy club to keep him quiet. Officer McCown testified on direct and cross-examination that he did not so strike defendant. The jury resolved the conflict in testimony in favor of Officer McCown, and we must uphold its decision for we must assume the existence of every fact which the jury could have reasonably adduced from the evidence. (*People* v. *Newland, supra,* 15 Cal.2d 678 ; *People* v. *Robbins, supra,* 225 Cal.App.2d 177.)

---

[4] Certain separate and narrow implications of *Valenti* were overruled by *People* v. *Sidener*, 58 Cal.2d 645, 647 [25 Cal.Rptr. 697, 375 P.2d 641].

148

## IV

■ The defendant's final contention is that the court erred in refusing to answer or allow to be answered a question from the jury relating to defendant's sobriety.

The record shows that 37 minutes after the case was submitted to the jury the court received a written message from the jury which read: "When booked, was he (referring to the defendant) determined intoxicated?"

The court, in chambers with the district attorney and the defendant and his counsel present, proposed to answer the jury as follows: "The law does not permit additional evidence to be received by the jury after the case has been submitted to it for determination."

Defendant's counsel did not object to the court's proposal, nor did he then or at any time thereafter request the court for permission to reopen his case. To the contrary, he joined with the district attorney in assenting to the court's proposal. Defendant, therefore, cannot be heard to complain for the first time on appeal. ■ Moreover, the decision whether or not to reopen after both sides have argued to the jury is a matter resting in the discretion of the trial court. (*People* v. *Richardson,* 192 Cal.App.2d 166 [13 Cal.Rptr. 321]; *People* v. *Conlon,* 138 Cal.App. 576 [32 Cal.Rptr. 990].) ■ The defendant, having failed to move the court to reopen his case, cannot now assert that the court abused its discretion. Absent such a motion, the court correctly instructed the jury that the taking of additional evidence was not permitted.

Defendant's counsel also, in effect, challenges the sufficiency of the evidence as to the existence of intent on the part of the defendant to commit the crime. We do not agree. ■ The crime of assault with a deadly weapon requires no proof of specific intent to commit the offense. (*People* v. *Claborn,* 224 Cal.App.2d 38 [36 Cal.Rptr. 132].) Furthermore, the general intent which is required may be implied from a wrongful act evidencing "wanton, wilful or reckless disregard for human safety." (*Newman* v. *Larsen,* 225 Cal.App.2d 22 [36 Cal.Rptr. 883].)

■ It is true that defendant and his wife testified that defendant had been drinking. Defendant's wife, however, testified that he was not drunk when they arrived at the Brager home. Defendant himself testified that he knew McCown was a police officer when he was initially restrained from assaulting his wife. Officer McCown and Lieutenant

Trantham both testified that together they could not subdue defendant because of his great strength, but upon seeing Trantham's pistol pointed at him and after hearing Trantham's threat, defendant evidenced his understanding of what he was doing by forsaking the struggle and saying, "Man, don't shoot. I dropped the club." This evidence was more than sufficient to equip the jury for a proper determination of the issue of intoxication, and to support their conclusion on that issue. (*People* v. *Valenzuela,* 171 Cal.App.2d 331 [340 P.2d 685].)

The abstract of judgment discloses a prior conviction of a felony which under Penal Code section 245, subdivision (b), subjects the defendant to more severe punishment. There is nothing in the record, however, to indicate that the trial court made a determination that at the time the prior conviction was obtained the defendant was either represented by counsel or knowingly waived his rights thereto. In fact, if anything, the record shows the contrary. It is now established that under these circumstances a reviewing court must remand to the trial court for a redetermination of the question of representation by counsel or waiver at the time of prior conviction. (*People* v. *Espinoza,* 241 Cal.App.2d 718 [50 Cal.Rptr. 879].)

The judgment of conviction is affirmed. The cause is remanded to the trial court for redetermination of whether defendant suffered a prior conviction of a felony.

Conley, P. J., and Stone, J., concurred.