Filed 5/3/16  In re K.C. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| In re K.C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, Plaintiff and Respondent, v. K.C., Defendant and Appellant. | E063623 (Super.Ct.No. J256072) OPINION |

APPEAL from the Superior Court of San Bernardino County.  Steven A. Mapes, Judge.  Affirmed.

Lewis A. Wenzell, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Scott C. Taylor, Tami Hennick and Warren J. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

1

Following a jurisdictional hearing, the juvenile court found true that defendant and appellant K.C. (minor) committed sexual penetration by a foreign object on a minor victim over 14 years old against her will (Pen. Code, § 289, subd. (a)(1)(C)).[1] Minor was thereafter declared a ward of the court and placed on probation in the custody of his brother. On appeal, minor argues there was insufficient evidence to sustain the petition and that this court should modify the judgment to reflect the lesser included offense of simple battery. We reject minor's contentions and affirm the judgment.

I

FACTUAL AND PROCEDURAL BACKGROUND

In May 2014, the victim and minor were friends for about one year. The victim was 15 years old and minor was 16 years old. On May 27, 2014, the victim went to minor's house after school to " 'hang out.' " Minor's brother and a couple of other friends were also at minor's house. While minor and the victim were talking in the garage, the others left in their cars. After minor closed the garage door, minor and the victim began kissing.

Minor then pulled down the victim's pants and underwear and began to fondle her vagina. The victim told minor to stop, but minor continued touching her. The victim told minor that she did not want to have sex and that he should stop. At some point, minor turned the victim's body around until she was facing away from him. The victim felt minor's penis as minor was behind her. While still standing, minor bent the victim over

_____

[1] All future statutory references are to the Penal Code unless otherwise stated.

2

and told her, " 'You are going to take this dick.' " The victim again told minor to stop, but she felt him anally penetrate her three times. Minor also vaginally penetrated the victim. The victim testified that she was unable to physically see what was going on behind her; that she was unaware of what it was that had penetrated her; and that she could not see what penetrated her. Minor had one hand on her hip, and she did not know where his other hand was at the time. The victim also testified that minor never ejaculated when he penetrated her.

After being penetrated, minor and the victim fell to the ground, with minor landing to the victim's side. Minor asked the victim if she wanted to have sexual intercourse. The victim refused, stood up after minor moved away from her, pulled her clothes back on, and went inside the house. After the victim and minor talked in the house for a while, the victim left.

Later, the victim felt pain in her vagina and anal area. She also noticed dried blood when she went to the bathroom. The victim called the police after speaking with her sister and youth pastor. At the direction of the police, the victim made a pretextual call to minor. When the victim confronted minor about the incident during the call, minor said he "was hard" and "wanted to bust a nut." Detective Louis Rios testified that when he spoke to the victim, she told him that minor tried to put his penis inside her vagina and anus.

Minor testified that he vaginally and anally penetrated the victim with his penis. However, he claimed the vaginal intercourse was consensual and that he stopped the anal intercourse when the victim asked him to.

At the conclusion of the prosecution's case, defense counsel made a motion to dismiss the petition under Welfare and Institutions Code section 701.1. Counsel argued the prosecution had not "proven beyond a reasonable doubt that the foreign object was anything other than a penis," which is required for a violation of Penal Code section 289. The prosecutor replied that circumstantially it may have been a penis but the victim replied "no" when asked several times if she saw what it was that had penetrated her. The prosecutor explained that the victim could not identify if it was a penis or another object because she was facing the other direction. Also the People could have charged it as a violation of section 286 (sodomy) but the prosecutor "would have the same difficulty with a [section] 286 proving that it was a penis rather than not." The court denied the motion, finding that there was sufficient evidence to go forward with the prosecution's theory under the "unknown-object element."

During closing argument, the prosecutor again argued that the evidence was not clear as to exactly what penetrated the victim and therefore minor could properly be convicted of penetration by an "unknown object." Defense counsel argued that the evidence showed the penetration was in fact by minor's penis and, thus, he could not be convicted of violating section 289. After hearing argument, the court adjourned to the next day.

4

On the following day, the court stated it had researched the issue and found some guidance on the law relating to section 289 but no guidance on this exact issue. The court thereafter explained:

"So I look at it from the point of view that the People are claiming unknown object in their theory. I am the trier of fact. I am saying there is no doubt in my mind—just to make it clear for the record—there is no doubt in my mind it was a penis, especially after defense counsel called Officer Rios to talk about the victim said it wasn't his fingers or something to that extent. There is no doubt in my mind, circumstantially, it was a penis that penetrated the anus. So that's me, the trier of fact, making a determination that it was, in fact, a penis and not some other unknown object.

"And so I am trying to figure out if, basically, a conviction for 289 can stand once the trier of fact make[s] a determination that it was a penis beyond a reasonable doubt. And I would say it is a penis beyond a reasonable doubt to me.

"So I am thinking that this instruction allows a trier of fact to come up with that determination, and it would still qualify for 289. And so that is how I am interpreting this. Like I say . . . this is a difficult task because I think it is a very technical area of the law. . . .

"Obviously, if the legislature did not mean to prohibit this conduct by the statute, then I cannot find it true, even on the technicality. But I think because they added this language and there is some evidence the People rely upon to say that the victim couldn't be sure what it was . . . that arguably it was unknown because she didn't actually see it,

5

and she wasn't 100 percent sure what it was, so she didn't want to say beyond a doubt or something like that. . . . So that's sort of what the People presented in order to cover their bases, I guess. I could say it would be easier if the People charged both the sodomy and the unknown object penetration. . . . But because sodomy wasn't charged, then I am left with this."

The trial court thereafter found true the allegation minor committed a violation of section 289.

II

DISCUSSION

Minor argues there was insufficient evidence to sustain the juvenile court's true finding that he committed sexual penetration by a foreign object because the court found the victim was penetrated by minor's penis rather than an unknown object and therefore the evidence precluded a finding minor violated section 289. Minor requests this court to modify the judgment to reflect the lesser included offense of simple battery.

"Where the juvenile court has sustained a petition, an attack on the sufficiency of the evidence to support that ruling is governed by the substantial evidence rule." (*In re Andrew I.* (1991) 230 Cal.App.3d 572, 577.) When a minor challenges the sufficiency of the "evidence to support the judgment, our review is circumscribed. [Citation.] We review the whole record most favorably to the judgment to determine whether there is substantial evidence—that is, evidence that is reasonable, credible, and of solid

value—from which a reasonable trier of fact could have made the requisite finding under the governing standard of proof." (*In re Jerry M.* (1997) 59 Cal.App.4th 289, 298.)

Further, we review "the evidence in the light most favorable to the prosecution, [asking whether] any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. [Citation.] This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant [here, minor] has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review all of the evidence is to be considered in the light most favorable to the prosecution." (*Jackson v. Virginia* (1979) 443 U.S. 307, 319, italics omitted.)

"Whether the evidence presented at trial is direct or circumstantial, . . . the relevant inquiry on appeal remains whether *any* reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. [Citations.]" (*People v. Towler* (1982) 31 Cal.3d 105, 118-119.) " 'Although it is the duty of the jury [or trier of fact] to acquit a defendant if it finds that circumstantial evidence is susceptible of two interpretations, one of which suggests guilt and the other innocence [citations], it is the jury [or trier of fact], not the appellate court which must be convinced of the defendant's guilt beyond a reasonable doubt. " 'If the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also reasonably be reconciled with a contrary finding does not warrant a reversal of the judgment.' "

7

[Citations.]' [Citation.] ' "Circumstantial evidence may be sufficient to connect a defendant with the crime and to prove his guilt beyond a reasonable doubt." ' [Citations.]" (*People v. Stanley* (1995) 10 Cal.4th 764, 792-793.)

Section 289, subdivision (a)(1)(C), provides, "Any person who commits an act of sexual penetration upon a minor who is 14 years of age or older, when the act is accomplished against the victim's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person, shall be punished by imprisonment in the state prison for 6, 8, or 10 years." A violation of section 289 thus requires an act of sexual penetration.

" 'Sexual penetration' " is defined as "the act of causing the penetration, however slight, of the genital or anal opening of any person . . . for the purpose of sexual arousal, gratification, or abuse by any foreign object, substance, instrument, or device, or by any unknown object." (§ 289, subd. (k)(1).) " 'Foreign object, substance, instrument or device' shall include any part of the body, *except a sexual organ*." (§ 289, subd. (k)(2), italics added.) An " '[u]nknown object' " includes "any foreign object, substance, instrument, or device, or any part of the body, *including a penis*, *when it is not known whether penetration was by a penis or by a foreign object*, *substance, instrument, or device, or by any other part of the body*." (§ 289, subd. (k)(3), italics added.) The statute thus encompasses penetration by both a finger (foreign object) and a penis (as an unknown object when the means of penetration is unclear).

Minor contends that because the penetration was by minor's penis, not an unknown or foreign object, the elements of section 289 are not met. The People here charged minor with penetration with a foreign or unknown object (§ 289) rather than sodomy (§ 286). The prosecutor explained the charge due to the concern that the victim, who was facing away from the minor during the assault, could not positively identify the penetrating object as a penis. At trial, the victim testified she felt minor anally penetrate her three times. She also stated minor vaginally penetrated her. She further asserted that she felt minor's penis as minor was behind her. She described the attack as minor turning her body around until she faced away from minor and then minor bending her over. After minor bent her over, he said " 'You are going to take this dick.' " Detective Rios testified that the victim told him minor tried to insert his penis inside her vagina and anus. The victim testified, however, that she was faced away from minor and could not see what penetrated her. She also stated that she was not sure what minor used to penetrate her and that minor had one hand on her hip and she did not know where his other hand was at the time. The victim further testified that minor never ejaculated when he penetrated her. Thus, while it appears the victim reasonably assumed minor penetrated her with his penis, she could not be absolutely certain because she could not see what he penetrated her with.

As originally enacted in 1978, section 289 provided a foreign object "shall not include any part of the body." (Stats. 1978, ch. 1313, § 1, p. 4300.) Subsequently, a foreign object included any part of the body except a sexual organ. (Stats. 1988, ch. 404,

9

§ 1, p. 1760.)  In 1994, the statute was amended to add penetration with an unknown object, which included a penis when it was not known if penetration was by a penis or another part of the body or another object.  (Stats. 1993-94, 1st Ex. Sess. 1994, ch. 39, § 1, p. 8713; ch. 40, § 4.5, pp. 8725-8726.)  Where, as here, there is a lack of certainty as to whether the penetrating object was a penis, section 289 is the proper charge.  This case presents the situation that the 1994 amendment to section 289 was designed to address.

Defendant asserts there is a legal question whether "unknown object" as defined in section 289 means unknown only to the victim or to the factfinder.  We agree with the parties that whether an "unknown object" is unknown is a question for the factfinder.  (See CALCRIM No. 1045.)  Defendant thereafter argues that because the juvenile court stated it determined beyond a reasonable doubt minor penetrated the victim with his penis, the evidence is insufficient to support the court's finding minor violated section 289.  However, the court's commentary on the nature of the evidence does not affect the determination whether there was sufficient evidence to sustain the petition.  Indeed, the court also stated the victim did not actually see minor's penis and was not "100 percent sure what it was, so she didn't want to say beyond a doubt or something like that."  "No antecedent expression of the court, whether casual or cast in the form of an opinion, can in any way restrict its absolute power to declare its final conclusion upon proper submission of the cause; nor will such an expression, casual or otherwise, furnish any basis for attack on a finding unless it be 'made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion

10

reached in the court below' [citation]." (*People v. Smith* (1959) 176 Cal.App.2d 688, 692; see *People v. Alexander* (1947) 78 Cal.App.2d 954, 957.)  In the present matter, despite the court's comments, it does not appear " 'that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below.' " (*People v. Smith*, *supra*, at p. 692.)

III

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


HOLLENHORST
J.


McKINSTER
J.

11